EXHIBIT A

Scott Parrish Moore, (*pro hac vice pending*)
Anthony D. Todero, Cal. Bar No. 275315
BAIRD HOLM LLP
1500 Woodmen Tower
1700 Farnam St
Omaha, NE 68102-2068
Telephone: 402-344-0500
Facsimile: 402-344-0588
Email: spmoore@bairdholm.com

Attorneys for Plaintiff
MEI LING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, CALIFORNIA and COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES,<br><br>Defendants. | No. CV 11-00974 PSG (JCx)<br><br>DECLARATION OF SHARON KINLAW IN SUPPORT OF MEI LING'S CONSENT TO LEAVE & OBJECTION TO NOTICE OF LIEN |

I, Sharon Kinlaw, having personal knowledge of the facts contained in this declaration and being competent to testify to them, hereby state as follows:

1. I am the Director of the Fair Housing Council of San Fernando Valley ("FHC").

2. I submit this declaration in support of Mei Ling's Consent to Leave and Objection to the Notice of Lien proposed by Relman, Dane, & Colfax PLLC (the "Relman Firm").

3. The Relman Firm represented the FHC as co-relator in this matter (the "False Claims Case") until the FHC terminated its services in or around January 2017.

4. The Relman Firm also represented the FHC in the matter styled *Independent Living Center of Southern California v. City of Los Angeles*, No. 2:12-cv-00551 (the "Section 504 Case") in which the plaintiffs alleged that the City of Los Angeles and others violated Section 504 of the Rehabilitation Act by failing to ensure that housing receiving federal financial assistance from the United States Department of Housing and Urban Development ("HUD") included required accessibility features.

5. On or about August 4, 2016, the court in the Section 504 Case entered a judgment pursuant to a settlement agreement by and between the plaintiffs and the City of Los Angeles under which the City agreed to, among other things, pay $200 million over a ten-year period to address the inaccessibility of the housing. The City also agreed to pay the Relman Firm over $16,000,000 in attorney's fees and costs in connection with the

settlement.

6. The FHC had signed a settlement agreement with the City, but the FHC had not yet received a signed copy of the agreement with the City. Therefore, the FHC contacted the Relman Firm to determine what was happening. The Relman Firm informed the FHC that the City Council was required to review and approve the settlement agreement and the City Council would not approve the settlement agreement without a "side agreement" The Relman Firm also indicated the "side agreement" would not be included in the settlement agreement or any filing with the Court. Under this "side agreement," the FHC would not oppose the City's assertion that it should receive a "credit" for the amount paid in the Section 504 Case in the settlement of the False Claims Case.

7. In addition to discussions over the telephone and in person with the Relman Firm's attorneys, Michael Allen sent emails to FHC on June 22, 2016 and June 23, 2016, in which he expressly recommended that the FHC not oppose the City's assertion that the settlement of the 504 should be taken into account in settling the False Claims Case. A true and accurate copy of the emails are attached hereto as Exhibit A1 and A2.

8. I am authorized by the FHC to make a knowing and voluntary waiver of the attorney-client privilege with regard to the two emails described in this declaration as well as any other communication with the Relman Firm regarding its recommendation that FHC inform DOJ that it would not oppose giving the City a "credit" for the amount

3

1 | paid in the Section 504 Case in the settlement of the False Claims Case.

2 |     I declare under penalty of perjury under the laws of the United States of America
3 | that the foregoing is true and correct.

4 |     Executed on _____ August 4, 2017       *Sharon Kinlaw* (signed)
5 |                                                Sharon Kinlaw

DOCS/1922939.2

4