**EXHIBIT A1**

Date:     June 22, 2016  8:22 AM
From:    Michael Allen  <MAllen@RelmanLaw.com>
To:        Sharon Kinlaw  <SKinlaw@gmail.com>, Sharon Kinlaw <SKinlaw@FairHousingCouncil.org>, OkojieLaw@aol.com, David Iyalomhe  <David@doiaLaw.com>, Michelle White <AFFHsgServices@sbcglobal.net>, Don Bagwell <DBagwell@SkylineHomeLoans.com>, Loretta Kelly-Denkins  <netLoretta1@hotmail.com>, Juanita Bankhead <JBankhead@LAFirecu.org>
Cc:         Jennifer Klar  <JKlar@RelmanLaw.com>, John Relman  <JRelman@RelmanLaw.com>
Subject:  Update on LA Accessibility Matters

All:

We write with an important update and to identify a key decision-point for the FHC.

The City Attorney's office has told us that – pursuant to the instructions of the City Council - it is prepared to sign and submit the Settlement Agreement to Judge Olguin only after FHC provides a response to a question the City Council has asked related to the False Claims Act case.  The question is as follows: Would the FHC oppose a decision by the U.S. Department of Justice to take into account the terms of the 504 settlement in its resolution of the False Claims Act case?

Clearly, linking these two cases in any way was not something that the City or we agreed to in the April 2016 Term Sheet, and was not part of the negotiated final Settlement Agreement.  But apparently some members of the City Council have insisted on obtaining this assurance for political reasons as a condition for moving forward on the 504 settlement.  We, like you, are frustrated by this new request, but believe there is a simple response that will allow the 504 matter to reach immediate final resolution and not compromise any interest you have in the False Claims Act case.

We recommend that the FHC respond that it will not oppose a DOJ decision to take settlement of the 504 case into account.  As a matter of law and federal government policy, DOJ has the right to consider any relevant circumstance it deems appropriate in resolving the False Claims Act case (including the terms of the 504 settlement).  This is DOJ's right, and we cannot change it whether we like it or not.  If a final settlement is reached in the False Claims Act case, DOJ will still be required to ask the FHC whether it objects to the terms of the False Claims Act settlement as not being "fair, adequate and reasonable under all the circumstances."  If you decide it is not fair and reasonable, you would still have the right to object and seek a hearing in Court.  DOJ will only seek FHC's opinion in the event it reaches a False Claims Act settlement with the City, and if it reaches a settlement it must ask whether you will object.  Thus, agreeing not to object to the fact that DOJ is simply taking the settlement into account gives up nothing.  DOJ can take the 504 settlement into account whether we like it or not, and saying you will not object to its doing so still leaves you with all of your rights to object should you decide to do so once you see the final terms of the False Claims Act final settlement.

Telling the City the FHC will not object to DOJ taking the 504 settlement into account will satisfy whatever political concern is being raised by the City Council, will allow the 504 settlement to move forward to Judge Olguin for immediate approval, and leaves fully intact all of your rights to object in the False Claims Act case.

The City is ready to reach immediate closure on the 504 settlement once this question is answered.  Specifically, that means the settlement will move forward to final approval and submission to the Court for entry of the Settlement.  We cannot predict what will happen if you don't provide this assurance.   As you know, no settlement is final without City Council approval.  If there is no approval, the case would return to litigation.  We are happy to discuss any of this with Odion, David, the Board, and the Executive Director and staff of FHC (or any combination thereof).

In her email of June 15, Sharon suggested that she would like FHC to talk with Lisa Palombo regarding this issue and asked for her contact information.  We provided that information, and also inquired of Lisa concerning her availability.  She suggested that any call should also include Eric Schmelzer, a DOJ attorney in Washington, D.C.  Lisa offered times for the morning of Monday June 20, and we passed that

information on to Sharon.   In response to Sharon's instructions, we informed Lisa that FHC was unavailable to speak during that time period.  In order to facilitate that call, I would ask that FHC provide its availability, and we can be in touch with Lisa to confirm a time that works for all relevant parties.

Kindly let us know how you would like to proceed.

Best wishes.

Jennifer Klar
Michael Allen

Michael Allen
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W. #600
Washington, D.C.   20036-2456
Phone: 202/728-1888
FAX: 202/728-0848
E-mail:  mallen@relmanlaw.com
Website:  www.relmanlaw.com
Admitted to Practice in the District of Columbia and Virginia

NOTE:  I CHECK AND RESPOND TO EXTERNAL E-MAIL TWICE A DAY - AT 10:00 A.M. AND AGAIN AT 3:00 P.M.  IF YOU NEED TO REACH ME AT OTHER TIMES, PLEASE CALL OUR RECEPTIONIST, AT 202/728-1888.

NOTICE:   The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman, Dane & Colfax PLLC.  This information is only for the use of the intended recipient.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the comments of the contained information is strictly prohibited and that the documents should be returned to this firm immediately.  If you have received this email in error, please notify us by email immediately.
Please consider the environment before printing this email.