# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the United States Department of Housing and Urban Development ("HUD") (collectively the "United States"), the Fair Housing Council of San Fernando Valley ("FHC"), and CRA/LA, a Designated Local Authority as successor to The Community Redevelopment Agency of the City of Los Angeles (hereafter collectively referred to as "the Parties"), through their authorized representatives.

### RECITALS

A.    CRA/LA, a Designated Local Authority, is the successor of The Community Redevelopment Agency of the City of Los Angeles ("the former CRA"). The former CRA was a public agency created by the City of Los Angeles ("the City") to finance and assist in the development of affordable housing, among other things, within the City's boundaries using local tax monies and federal funds passed through the City. From February 1, 2005 to May 23, 2013, the former CRA, and later the CRA/LA, obtained and used federal funds made available to the City as part of HUD's HOME Investment Partnerships (HOME) Program and its Community Development Block Grant (CDBG) Program in connection with multifamily housing projects. In June 2011, the State of California dissolved all redevelopment agencies in the State, including the former CRA, effective as of February 1, 2012. CRA/LA's responsibilities include winding down the affairs of the former CRA and satisfying the former CRA's enforceable obligations. By law, pursuant to Assembly Bill XI 26, all litigation involving the former CRA was transferred to CRA/LA.

B.    On February 1, 2011, Mei Ling and the FHC (collectively "Relators") filed a *qui tam* action in the United States District Court for the Central District of California against the former CRA and the City captioned *United States ex rel. Ling, et al. v. City of Los Angeles et al.*, No. 11-cv-00974 PSG (JCx), pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. § 3730(b) ("the Civil Action"). Relators alleged that, since at least February 1, 2005,

HUD provided the City federal housing funds through the HOME and CDBG programs. As a precondition to receiving such funds, the City certified to HUD compliance with certain civil rights requirements, including Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination on grounds of disability in any program or activity receiving federal funds. The City then passed some of those federal funds down to the former CRA, as a sub-recipient. The former CRA used those funds for financing and assisting in the development of affordable multifamily housing that allegedly discriminated against people with disabilities. As a result, the former CRA allegedly caused the submission of false claims to HUD in violation of the FCA. The United States intervened in the Civil Action on May 30, 2017, and filed its Complaint-in-Intervention on July 31, 2017. The United States filed its First Amended Complaint-in-Intervention on December 10, 2018.

   C.  Through the City, the former CRA and later CRA/LA received federal financial assistance under HUD's HOME Program and CDBG Program. As a sub-recipient of federal financial assistance, the former CRA was obligated to comply with the following civil rights requirements in connection with its multifamily housing: Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended, and its implementing regulations at 24 C.F.R. Part 8; the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, as amended, and its implementing regulations at 24 C.F.R. Part 100; and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131—12134d, and its implementing regulations at 28 C.F.R. Part 35 (collectively referred to as the federal accessibility laws). The United States contends that the former CRA and CRA/LA knowingly failed to comply with the federal accessibility laws in financing and assisting in the development of the following affordable multifamily housing projects: Yale Terrace, Palomar Apartments, Vista Monterey, Buckingham Place Senior Housing, Vermont Senior Housing, Villas at Gower, Encore Hall, Imani Fe Mixed Use, and Ford Apartments (also known as Ford Hotel). As a result, the former CRA and CRA/LA submitted or caused the submission of materially false claims from February 1, 2005 to May 23, 2013, for federal financial assistance

2

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1        17

under the HOME and CDBG programs. The conduct identified in this paragraph is referred to below as the Covered Conduct.

D.     On September 7, 2017, the United States District Court for the District of California issued a Judgment Pursuant to Settlement Agreement in *Independent Living Center of Southern California, et al. v. City of Los Angeles California, et al.*, No. 12-cv-0551 (Dkt. 569), entering a Settlement Agreement between three plaintiffs, including FHC, and CRA/LA (the Independent Living Settlement). This Agreement does not affect the Independent Living Settlement, and FHC is not aware at this time of any disputes or issues with CRA/LA other than those set forth in the complaints in this Civil Action or the *Independent Living* action.

E.     The parties agree that this Court is a competent court of law as that phrase is used in California Health & Safety Code § 34171(d)(1)(D). The parties also agree that the Consent Judgment regarding CRA/LA (hereinafter referred to as "the Consent Judgment"), which depends on and results from this Agreement, is an enforceable obligation as defined in California Health & Safety Code § 34171(d)(1)(D).

F.     This Agreement is neither an admission of liability by the former CRA and CRA/LA nor a concession by the United States and the FHC that their claims were not well founded.

G.     FHC claims it is entitled under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement and to its reasonable expenses, attorney's fees and costs to the extent not resolved in this Agreement.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1.     CRA/LA shall pay to the United States three million and one hundred thousand dollars ($3,100,000.00) plus interest at a rate of two point four three percent (2.43%) from April

3

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                                 18

19, 2019, compounding annually (the "Settlement Amount"). Upon full payment, accrual of any and all interest will cease immediately, and the United States will promptly provide written notice of receipt of payment. Payment will be by electronic funds transfer pursuant to written instructions provided by the United States Attorney's Office for the Central District of California, and will be made by CRA/LA, after payment is approved by the California Department of Finance, by no later than July 30, 2020.

2.      The Parties jointly will seek (a) an order from the Court entering and confirming the Settlement Agreement as fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B), and dismissing all claims against defendant CRA/LA and the former CRA in the Civil Action with prejudice subject to the terms of this Agreement, and (b) entry of the Consent Judgment, in the forms attached here as Attachments A and B.

3.      The Parties agree, consistent with and pursuant to the Consent Judgment contemplated in Paragraph 2 above, that the District Court will retain jurisdiction over the case against CRA/LA until the filing of a satisfaction of judgment in the form attached here as Attachment C and final resolution of all statutory attorney's fees, expenses and costs issues and relator share issues pursuant to 31 U.S.C. § 3730(d)(1).

4.      CRA/LA agrees to entry by the Court of the Consent Judgment referenced in Paragraph 2 above for the Settlement Amount in the form attached here as Attachment B. The Consent Judgment provides that CRA/LA is liable for three million and one hundred thousand dollars ($3,100,000.00), plus interest at a rate of two point four three percent (2.43%) compounded annually from April 19, 2019, to the date of payment in full or July 30, 2020 (whichever is earlier), plus, in the case of an Uncured Default (as that term is defined in paragraph 5.c below), interest at a rate of twelve percent (12%), compounded daily, beginning on July 31, 2020, until the date CRA/LA pays the Consent Judgment in full.

5.      If CRA/LA fails to pay the Settlement Amount in full, on or before July 30, 2020, CRA/LA shall be in Default as of July 31, 2020.

4

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                                    19

a.      The United States will provide written notice of the Default to CRA/LA. Notice of Default will be delivered to CRA/LA by delivery to Pamela L. Johnston at Foley & Lardner LLP and Thomas Webber at Goldfarb Lipman.

b.      CRA/LA shall have twenty (20) calendar days from its receipt of notice to cure the Default by making payment of the Settlement Amount in full pursuant to Paragraph 1 above

c.      If CRA/LA fails to cure the Default within twenty (20) days the Default becomes an "Uncured Default," and all remaining Settlement Amount principal and interest shall become accelerated and immediately due and payable, and additional interest shall accrue on those amounts at the rate of twelve percent (12%) compounded daily, from July 31, 2020, until the date CRA/LA pays all of its obligations under this Agreement in full.

d.      In the event of an Uncured Default, the United States, at its sole discretion, may exercise any of the following options, either individually or in concert:  (A) pursue any collection action it chooses, including, without limitation, an action for specific performance of this Agreement; (B) seek enforcement of the Consent Judgment in the United States District Court for the Central District of California; or (C) rescind this Agreement, vacate both the Consent Judgment and the dismissal of the Civil Action as against CRA/LA, and reinstate all of the United States' and Relators' claims in the Civil Action against CRA/LA.

e.      If the United States reinstates the Civil Action against CRA/LA pursuant to option (c) above, CRA/LA agrees not to assert any defenses that were not available to CRA/LA on or before April 19, 2019 in the Civil Action, including defenses under the theories of statute of limitations, laches, estoppel, or similar theories to any of the United States' or Relators' claims.

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                    20

    f.      If the United States seeks to enforce the Consent Judgment pursuant to option (B) above, CRA/LA further agrees not to contest any Consent Judgment, offset or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any state or federal court.

    g.      CRA/LA shall pay the United States all reasonable costs incurred in any collection or enforcement action under this paragraph, including reasonable attorney's fees and expenses.

    6.      Conditioned upon the entry of the Consent Judgment, CRA/LA agrees to pay Odion Okojie $54,772.20 and David Iyalomhe $72,025.20, as a compromise settlement of their reasonable costs and fees associated with their representation as Counsel for Fair Housing Council of San Fernando Valley against the CRA/LA only and is not a settlement or compromise of any claim against the City for Mr. Okojie's and Mr. Iyalomhe's remaining costs and fees. Conditioned upon the entry of the Consent Judgment, CRA/LA will also pay Baird Holm LLP $209,711.08, as a compromise settlement of its reasonable costs and fees associated with its representation as Counsel for Relator Mei Ling against the CRA/LA only and is not a settlement or compromise of any claim against the City for Baird Holm LLP's remaining costs and fees. Further, conditioned upon the entry of the Consent Judgment, CRA/LA will also pay Warren Benson Law Group $220,793.00, as a compromise settlement of its reasonable costs and fees associated with its representation as counsel for Relator FHC against the CRA/LA only and is not a settlement or compromise of any claim against the City for Warren Benson Law Group's remaining costs and fees. A post-judgment interest rate of two point four three percent (2.43%) compounded annually from the date of the Consent Judgment, to the date of Payment in full or July 30, 2020 (whichever is earlier), plus, in the case of an Uncured Default, interest at a rate of twelve percent (12%), compounded daily, from July 31, 2020, until the date CRA/LA pays the above agreed upon attorney's fees and costs stipulated to in this Paragraph 6 and reflected in the Consent Judgment.

6

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                                                                  21

7.     CRA/LA has not finalized the issue of reasonable expenses, attorney's fees, and costs with any other law firm that represented Relators in the Civil Action, and the FHC is not waiving those claims. Any firms, on behalf of their clients, that do not resolve the issue of costs and fees with CRA/LA within 60 days of the entry of the Consent Judgment contemplated by this Agreement must file their motions for attorney's fees and costs no earlier than 60 days and no later than 90 days after entry of the Consent Judgment so that the remaining issues regarding their reasonable attorney's fees and costs can be resolved in a reasonable amount of time after limited discovery; CRA/LA will then ask the Court to enter another Consent Judgment regarding these attorney's fees and costs pursuant to Rule 54(b).

8.     FHC, FHC's Counsel Warren Benson Law Group, Odion Okojie, and David Iyalomhe, and Mei Ling's Counsel Baird Holm for themselves and for their heirs, successors, attorneys, agents, employees, officers, directors, and assigns, acknowledge that payment of the reasonable costs and fees outlined in Paragraphs 6 and 7 (except for any other firms that represented Relators in the Civil Action, as described in Paragraph 7) fully and forever satisfies the former CRA and CRA/LA's obligation to pay reasonable attorney's fees, costs, and expenses to FHC, Warren Benson Law Group, Odion Okojie, David Iyalomhe, and/or Baird Holm, for work performed by Warren Benson Law Group, Odion Okojie, David Iyalomhe, and Baird Holm pursuant to the federal False Claims Act, 31 U.S.C. § 3730(d), in connection with the Civil Action, and hereby agree to fully and finally release the former CRA and CRA/LA from any and all causes of action, rights, or claims, whether known or unknown, from the beginning of time to the date of execution of this Agreement, arising out of the Civil Action for claims that FHC, Warren Benson Law Group, Odion Okojie, David Iyalomhe, and Baird Holm have asserted or could assert for attorney's fees, costs, and expenses for work performed by Warren Benson Law Group, Odion Okojie, David Iyalomhe, and Baird Holm in connection with the Civil Action.

9.     Nothing in this Agreement supersedes, or in any manner, changes, alters, or amends the rights, obligations, or responsibilities of CRA/LA or of FHC under the *Independent*

7

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                             22

*Living* Settlement. Nothing in this Agreement releases or affects the viability of claims arising from the *Independent Living* action or its settlement. Nothing in this Agreement releases any claim the FHC might have for housing accessibility issues that were not part of the *Independent Living* case or the Independent Living Settlement and which arose after the Independent Living Settlement. That being said, FHC represents that it is not aware of any such claims or potential claims.

      10.     Subject to the exceptions in Paragraph 12 below, and conditioned upon CRA/LA's full payment of the Settlement Amount, the United States releases the former CRA and CRA/LA from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729–3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801–3812; or the common law theories of restitution (unjust enrichment) and payment by mistake.

      11.     Conditioned upon CRA/LA's full payment of the Settlement Amount, FHC, and except as provided in Paragraphs 7 and 9 above, for itself and for its heirs, successors, attorneys, agents, employees, officers, directors, and assigns, releases the former CRA and CRA/LA, and their officers, directors, successors, attorneys, agents, employees, and assigns from any claim FHC may or does have on behalf of themselves or the United States for all issues, claims, rights, benefits, assigns or harms, including but not limited to the Covered Conduct and other possible issues. Except as provided for in Paragraphs 7 and 9, the release set forth here covers claims that FHC knows about and may not know about through date of the execution of this Agreement. Therefore, except as provided for in Paragraphs 7 and 9, FHC expressly waives and relinquishes any and all rights and benefits provided by Section 1542 of the California Civil Code ("Section 1542") against the former CRA and CRA/LA, and does so understanding and acknowledging the significance of this specific waiver. Section 1542 states as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS [1] THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF

8

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1           23

EXECUTING THE RELEASE AND THAT, [2] IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

Thus, notwithstanding the provisions of Section 1542, except as provided in Paragraphs 7 and 9 above, and for the purpose of implementing a full and complete release and discharge as set forth above, Relator FHC expressly acknowledges that this Agreement is intended to include all claims which it does not know or suspect to exist in its own favor at the time of the signing of this Agreement. FHC further acknowledges that it may later discover facts different from or in addition to those facts now known to it or believed by it to be true with respect to any or all of the matters covered by this Agreement, and it agrees that this Agreement nevertheless shall remain in full and complete force and effect.

12.     Notwithstanding the releases given in Paragraph 10  of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

      a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.      Any criminal liability;

      c.      Except as explicitly stated in the Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

      d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.      Any liability based upon obligations created by this Agreement;

      f.      Any liability of individuals;

      g.      Any liability for failure to deliver goods or services due; and

      h.      Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

9

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                        24

13.     FHC and its heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and this Civil Action, FHC and its heirs, officers, directors, successors, attorneys, agents, and assigns agree that neither this Agreement, the Consent Judgment, nor any dismissal of the Civil Action, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar FHC from sharing in the proceeds of this Agreement. Moreover, the United States and FHC and its heirs, officers, directors, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relators should receive of any proceeds of the settlement of the United States' claims.

14.     Conditioned upon the United States' receipt of the payment described in Paragraph 1, and FHC's, Warren Benson Law Group's, Odion Okojie's, David  Iyalomhe's, Baird Holm's receipt of the payments described in Paragraph 6 above, and except as provided in Paragraph 7 above, FHC, Warren Benson Law Group, Odion Okojie, David Iyalomhe, and Baird Holm, for themselves and for their heirs, officers, directors, successors, attorneys, agents, and assigns, release the former CRA, CRA/LA and their officers, directors, agents, employees, assigns, and successors, from any liability to Relators arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs.

15.     CRA/LA waives and shall not assert any defenses CRA/LA may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                          25

16.    CRA/LA fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that CRA/LA has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

17.    Nothing in this Agreement releases, or in any manner, changes, alters, or amends any claims the United States or FHC have against the City of Los Angeles, either in its own right or as a successor to the former CRA.

18.    Nothing in this Agreement changes CRA/LA's continuing obligations, if any, arising under the federal accessibility laws.

19.    CRA/LA fully and finally releases the FHC from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that CRA/LA has asserted, could have asserted, or may assert in the future against the FHC, related to the Civil Action and the FHC's investigation and prosecution thereof.

20.    a.    Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of CRA/LA, and its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1)    the matters covered by this Agreement;

    (2)    the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

    (3)    CRA/LA's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

11

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                        26

(4)     the negotiation and performance of this Agreement;

(5)     the payment CRA/LA makes to the United States pursuant to this
        Agreement and any payments that CRA/LA may make to Relators,
        including costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as
Unallowable Costs).

b.      Future Treatment of Unallowable Costs:  Unallowable Costs will be
separately determined and accounted for by CRA/LA, and CRA/LA shall not charge such
Unallowable Costs directly or indirectly to any contract with the United States.

c.      Treatment of Unallowable Costs Previously Submitted for Payment:
Within 90 days of the Effective Date of this Agreement, CRA/LA shall identify and
repay by adjustment to future claims for payment or otherwise any Unallowable Costs
included in payments previously sought by CRA/LA or any of its subsidiaries or affiliates
from the United States. CRA/LA agrees that the United States, at a minimum, shall be
entitled to recoup from CRA/LA any overpayment plus applicable interest and penalties
as a result of the inclusion of such Unallowable Costs on previously-submitted requests
for payment. The United States, including the Department of Justice and/or the affected
agencies, reserves its rights to audit, examine, or re-examine CRA/LA's books and
records and to disagree with any calculations submitted by CRA/LA or any of its
subsidiaries or affiliates regarding any Unallowable Costs included in payments
previously sought by CRA/LA, or the effect of any such Unallowable Costs on the
amount of such payments.

21.     CRA/LA agrees to cooperate fully, actively and truthfully with the United States
in any matter about which CRA/LA has knowledge or information relating to the claims asserted
against the City of Los Angeles in the United States' First Amended Complaint-in-Intervention,
or any other claims arising out of the Covered Conduct the United States may assert against any

12

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                        27

current and former officers, agents, and employees of the City of Los Angeles. CRA/LA's cooperation shall include, but is not limited to the following:

      a.     Completely and truthfully disclosing all non-privileged information in its possession about which the United States inquires, including but not limited to all information about activities of the CRA/LA or the City of Los Angeles, and/or of the present and former officers, directors, employees, and agents of the City of Los Angeles;

      b.     Consistent with applicable legal protections, providing all non-privileged documents, records, and other evidence in CRA/LA's possession, custody, or control as may be requested by the United States.

      c.     Using its reasonable best efforts to encourage, and not to impair, the cooperation of CRA/LA's current and former directors, officers, and employees to provide information, interviews and/or testimony as requested by the United States;

      d.     Cooperation under this paragraph shall include identification of witnesses who, to CRA/LA's knowledge, have material information concerning the claims asserted against the City of Los Angeles in the United States' First Amended Complaint-in-Intervention;

      e.     Providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents produced by CRA/LA, as requested by the United States; and

      f.     Providing reasonable, active assistance, including assistance by current counsel for CRA/LA (including undersigned counsel) and/or successor counsel, internal or external, in the Civil Action against the City of Los Angeles, or any appeals or subsequent remands of the Civil Action.

Notwithstanding any provision or this Agreement, CRA/LA is not required to waive any protection it has under the work product doctrine or the attorney-client privilege.

13

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                                 28

22.     The Parties jointly stipulate that once the Consent Judgment filed with this Settlement Agreement is entered by the United States District Court for the Central District of California, the Consent Judgment and Settlement Agreement are enforceable obligations against CRA/LA as successor to the former CRA.

23.     This Agreement is for the benefit of the Parties only.

24.     Upon receipt of the payment described in Paragraph 1 above, the Parties shall promptly sign and file in the Civil Action a Satisfaction of Judgment in the form set forth in Attachment C.

25.     Except as set forth in Attachment B and Paragraphs 6 and 7 above, the United States and the CRA/LA shall bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement, and including those incurred in connection with the cooperation required from CRA/LA in Paragraph 21 above.

26.     Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

27.     This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Central District of California. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

28.     This Agreement, and the attachments to this Agreement, constitute the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

29.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

30.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

14

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                          29

31.     This Agreement is binding on CRA/LA's successors, transferees, heirs, and

assigns.

32.     This Agreement is binding on FHC's successors, transferees, heirs, and assigns.

33.     All parties consent to the United States' disclosure of this Agreement, and

information about this Agreement, to the public.

34.     This Agreement is effective on the date of signature of the last signatory to the

Agreement (Effective Date of this Agreement). Scanned versions of signatures shall constitute

acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: July 12, 2019  BY: _____

William C. Edgar
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice

And

DATED: Fely 12, 2019 BY: _____

Lisa A. Palombo
Assistant United States Attorney
Central District of California

CRA/LA - DEFENDANT

DATED: _____ BY: _____

Estevan Valenzuela
Chief Executive Officer

DATED: _____ BY: _____

Pamela L. Johnston
Foley & Lardner LLP

15

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                    30

31.     This Agreement is binding on CRA/LA's successors, transferees, heirs, and assigns.

32.     This Agreement is binding on FHC's successors, transferees, heirs, and assigns.

33.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

34.     This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Scanned versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE UNITED STATES OF AMERICA</u>

DATED: _____     BY: _____
                                    William C. Edgar
                                    Senior Trial Counsel
                                    Commercial Litigation Branch
                                    Civil Division
                                    United States Department of Justice

                                    And

DATED: _____     BY: _____
                                    Lisa A. Palombo
                                    Assistant United States Attorney
                                    Central District of California

<u>CRA/LA - DEFENDANT</u>

DATED: __JUL 1 2 2019__     BY: _____
                                    Estevan Valenzuela
                                    Chief Executive Officer

DATED: __July 12, 2019__     BY: _____
                                    Pamela L. Johnston
                                    Foley & Lardner LLP

                                    15

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                31

Counsel for CRA/LA

BAIRD HOLM

DATED: 7/12/19 _____ BY: _____

Scott Parrish Moore
Baird Holm LLP

RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: _____ BY: _____

Sharon Kinlaw
Executive Director
Fair Housing Council of San Fernando Valley

DATED: _____ BY: _____

Donald R. Warren
Warren Benson Law Group
Counsel for Fair Housing Council of
San Fernando Valley

DATED: _____ BY: _____

Odion L. Okojie
Law Offices of Odion L. Okojie
Counsel for Fair Housing Council of
San Fernando Valley

DATED: _____ BY: _____

David O. Iyalomhe
David Iyalomhe and Associates
Counsel for Fair Housing Council of
San Fernando Valley

16

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1

32

Counsel for CRA/LA

BAIRD HOLM

DATED: _____ BY: _____
Scott Parrish Moore
Baird Holm LLP

RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: _June 12, 2019_ BY: _Sharon Kinlaw_
Sharon Kinlaw
Executive Director
Fair Housing Council of San Fernando Valley

DATED: _June 12, 2019_ BY: _Donald R. War_
Donald R. Warren
Warren Benson Law Group
Counsel for Fair Housing Council of
San Fernando Valley

DATED: _____ BY: _____
Odion L. Okojie
Law Offices of Odion L. Okojie
Counsel for Fair Housing Council of
San Fernando Valley

DATED: _____ BY: _____
David O. Iyalomhe
David Iyalomhe and Associates
Counsel for Fair Housing Council of
San Fernando Valley

16

U.S. ex rel. Ling et al. v. City of Los Angeles et al.
CRA/LA Settlement Agreement

EXHIBIT 1                    33

Counsel for CRA/LA

BAIRD HOLM

DATED: _____ BY: _____
                                      Scott Parrish Moore
                                      Baird Holm LLP

RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: _____ BY: _____
                                      Sharon Kinlaw
                                      Executive Director
                                      Fair Housing Council of San Fernando Valley

DATED: _____ BY: _____
                                      Donald R. Warren
                                      Warren Benson Law Group
                                      Counsel for Fair Housing Council of
                                      San Fernando Valley

DATED: ___7/12/2019_____ BY: _____
                                      Odion L. Okojie
                                      Law Offices of Odion L. Okojie
                                      Counsel for Fair Housing Council of
                                      San Fernando Valley

DATED: ___July 12, 2019_____ BY: _____
                                      David O. Iyalomhe
                                      David Iyalomhe and Associates
                                      Counsel for Fair Housing Council of
                                      San Fernando Valley

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                        34

# SETTLEMENT AGREEMENT -- ATTACHMENT A

# FORM OF PROPOSED STIPULATED ORDER ENTERING SETTLEMENT

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                    35

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
ROSS M. CUFF, AUSA
LISA A. PALOMBO, AUSA (SBN 169119)
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-4042; Fax: (213) 894-7819
    Email: Lisa.Palombo@usdoj.gov
MICHAEL D. GRANSTON
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
    175 N. Street NE, Room 9.121
    Washington, D.C. 20002
    Tel: 202-307-0256; Fax: (202) 307-3852
    Email: Eric.Schmelzer@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal corporation and CRA/LA, a Designated Local Authority, a public entity,<br><br>        Defendants. | NO. CV 11-00974 PSG (JCx)<br><br>**[PROPOSED] ORDER CONFIRMING THE SETTLEMENT AGREEMENT WITH CRA/LA**<br><br>[FILED CONCURRENTLY HEREWITH: STIPULATED MOTION SEEKING ENTRY OF SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES, THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY AND CRA/LA] |

1    For good cause shown IT IS HEREBY ORDERED THAT

2    1.    Pursuant to 31 U.S.C. § 3730(c)(2)(B), after a hearing, and having

3    considered the positions of the parties, the Court finds the proposed Settlement

4    Agreement resolving all claims in this action against CRA/LA attached here as Exhibit A

5    is fair, adequate and reasonable under all circumstances, and the Court hereby approves

6    and enters it and the Consent Judgment regarding CRA/LA;

7    2.    Pursuant to and consistent with the terms of that Settlement Agreement and

8    the Consent Judgment regarding CRA/LA entered today, all claims against defendant

9    CRA/LA in the above captioned action are hereby dismissed with prejudice.

10

11   **IT IS SO ORDERED**.

12

13   Dated:_____    _____

14                                                     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1                                    37

# SETTLEMENT AGREEMENT -- ATTACHMENT B

# CONSENT JUDGMENT

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                    38

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
ROSS M. CUFF, AUSA
LISA A. PALOMBO, AUSA (SBN 169119)
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-4042; Fax: (213) 894-7819
    Email: Lisa.Palombo@usdoj.gov
MICHAEL D. GRANSTON
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
    175 N. Street NE, Room 9.121
    Washington, D.C. 20002
    Tel: 202-307-0256; Fax: (202) 307-3852
    Email: Eric.Schmelzer@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>            Plaintiffs,<br><br>            v.<br><br>CITY OF LOS ANGELES, a municipal corporation and CRA/LA, a Designated Local Authority, a public entity,<br><br>            Defendants. | NO. CV 11-00974 PSG (JCx)<br><br>**CONSENT JUDGMENT** |

1       This matter having come before the Court for the entry of this Consent Judgment

2 regarding CRA/LA (this "Consent Judgment") with the consent of the United States and

3 the Fair Housing Council of San Fernando Valley ("Relator"), and Defendant CRA/LA

4 (collectively "the Parties"), IT IS HEREBY ORDERED, ADJUDGED, AND

5 DECREED AS FOLLOWS:

6      1.    Mei Ling is an individual resident of the City of Los Angeles.

7      2.    The Fair Housing Council of San Fernando Valley is a nonprofit fair

8 housing organization incorporated under the laws of the State of California with its

9 principal place of business in Panorama City, California.

10     3.    Defendant CRA/LA is a Designated Local Authority and successor for the

11 former Community Redevelopment Agency of the City of Los Angeles (the former

12 CRA) with its principal place of business in Los Angeles, California. CRA/LA is

13 charged with winding down the affairs of the former CRA and with satisfying the former

14 CRA's enforceable obligations.

15     4.    CRA/LA admits it was properly served with the United States' Complaint-

16 in-Intervention, the United States' First-Amended Complaint-in-Intervention, and

17 Relators' False Claims Act Complaint.

18     5.    This Court has subject matter jurisdiction over this False Claims Act and

19 common law action, and personal jurisdiction over each of the Parties, including

20 CRA/LA. Venue is proper in this District because CRA/LA and the former CRA

21 transacted business during the relevant time periods alleged in the United States'

22 Complaint-in-Intervention, the United States' First Amended Complaint-in-Intervention,

23 and Relators' False Claims Act Complaint; CRA/LA continues to transact business in

24 this District; and a substantial part of the events giving rise to the claims brought in this

25 action occurred in this District.

26     6.    Pursuant to a Settlement Agreement entered into in this District by,

27 between, and among the Parties (the "Settlement Agreement"), the Parties, including

28

1   CRA/LA, consent to the entry of this Consent Judgment regarding CRA/LA and to all

2   provisions and terms hereof, and to all obligations imposed hereby.

3       7.      Pursuant to an Order dated _____, 2019, this Court determined that the

4   Settlement Agreement was fair, adequate and reasonable under all circumstances.

5       8.      Pursuant to the Settlement Agreement, CRA/LA has agreed to pay the

6   United States the sum of three million, one hundred thousand dollars ($3,100,000.00)

7   plus interest at a rate of two point four three percent (2.43%) compounded annually from

8   April 19, 2019 to and including the date paid by CRA/LA or July 30, 2020 (whichever is

9   earlier), in compliance with the terms of the Settlement Agreement.  CRA/LA has also

10  agreed that, should it not pay the United States the amounts set forth in this paragraph by

11  July 30, 2020, there shall be an "Uncured Default," as that term is used in Paragraph 5 of

12  the Settlement Agreement.

13      9.      In the event of an Uncured Default by CRA/LA, as that term is defined in

14  Paragraph 5 of the Settlement Agreement, pursuant to the agreement of the Parties,

15  having considered the Parties' Settlement Agreement and other submissions, and good

16  cause having been shown, IT IS FURTHER ORDERED THAT

17          a.      Judgment is entered for the United States against CRA/LA for three

18      million one hundred thousand dollars ($3,100,000.00), plus interest at a rate of

19      two point four three percent (2.43%) compounded annually from April 19, 2019 to

20      and including the date paid by CRA/LA or July 30, 2020, whichever is earlier;

21          b.      Should the United States not receive payment by July 30, 2020, all

22      principal and interest set forth in paragraph 9.a shall become accelerated and

23      immediately due and payable.  CRA/LA shall additionally owe the United States

24      interest at a rate of twelve percent (12%) on any principal and interest due and

25      owing as of July 31, 2020, compounding daily, from July 31, 2020, until the date

26      CRA/LA pays these amounts in full; and

27

28

   c. CRA/LA is liable to the United States for all costs and expenses, including but not limited to attorney's fees incurred by the United States in connection with or in any way related to enforcing this Consent Judgment regarding CRA/LA and collecting the amounts due and owing under Paragraph 9.

  10. CRA/LA stipulates, pledges, and agrees that assets or property owned or held by it, in whole or in part, including but not limited to accounts receivable and debts owed to it by any party, are subject to seizure, attachment, and offset by the United States in connection with the execution of this Consent Judgment regarding CRA/LA and the collection of monies due and owing to the United States hereunder, after July 31, 2020, if there is an Uncured Default as that term is defined in the Settlement Agreement at paragraph 5.

  11. CRA/LA shall pay Warren Benson Law Group $220,793.00, Odion Okojie $54,772.20, and David Iyalomhe $72,025.20; these amounts equal the reasonable costs and fees associated with their representation of Relator Fair Housing Council of San Fernando Valley.  CRA/LA shall also pay Baird Holm LLP $209,711.08; this amount equals the reasonable costs and fees associated with its representation as Counsel for Relator Mei Ling.  The fees and costs set forth above in this paragraph 11 represent a compromise settlement of each identified Relator's Counsel's reasonable costs and fees claim which is only associated with their representation of their clients against CRA/LA and is not a settlement or compromise of any claim against the City of Los Angeles for the remaining fees and costs, as explained in paragraph 6 of the Settlement Agreement. A post-judgment interest rate of two point four three percent (2.43%) compounded annually from the date of entry of this Consent Judgment, to and including the date of Payment in full or July 30, 2020 (whichever is earlier), plus, in the case of an Uncured Default, interest at a rate of twelve percent (12%), compounded daily, from July 31, 2020, until the date CRA/LA pays the above agreed upon attorney's fees and costs stipulated hereto.

3

12.     CRA/LA hereby waives and agrees not to assert in any court or tribunal any defenses or objections to such seizure, attachment, or government offset that may be available to them under the law, or to contest the validity or enforceability of this Consent Judgment, as long as the legal process at issue occurs after July 31, 2020 and this Consent Judgment remains partially or fully unpaid.

13.     Jurisdiction is retained by this Court for the purpose of enabling any of the Parties to this Consent Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Consent Judgment, and for the enforcement of compliance with this Consent Judgment, and for the final resolution of all outstanding attorney's fees, expenses and cost issues and relator share issues pursuant to 31 U.S.C. § 3730(d)(1).

**SO AGREED BY:**

THE UNITED STATES OF AMERICA

DATED: July 12, 2019     BY:  _____
William C. Edgar
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice

And

DATED: Sept. 5, 2019     BY:  _____
Lisa A. Palombo
Assistant United States Attorney
Central District of California

4

EXHIBIT 1                                               43

1

<u>CRA/LA - DEFENDANT</u>

2

3   DATED: _____JUL 1 2 2019_____   BY: _____

4                                       Estevan Valenzuela
                                        Chief Executive Officer
5

6   DATED: __July 12, 2019_____   BY: _____

7                                       Pamela L. Johnston
                                        Foley & Lardner LLP
8                                       Counsel for CRA/LA

9

10                          <u>BAIRD HOLM</u>

11

12  DATED: _____   BY: _____

                                        Scott Parrish Moore
13                                      Baird Holm LLP

14

15  <u>RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY</u>

16

17  DATED: _____   BY: _____

18                                      Sharon Kinlaw
                                        Executive Director
19                                      Fair Housing Council of
                                        San Fernando Valley
20

21

22  DATED: _____   BY: _____

                                        Donald R. Warren
23                                      Warren Benson Law Group
                                        Counsel for Fair Housing Council of
24                                      San Fernando Valley

25

26

27

28                                  5

EXHIBIT 1                                    44

CRA/LA - DEFENDANT

DATED: _____ BY: _____
                                Estevan Valenzuela
                                Chief Executive Officer


DATED: _____ BY: _____
                                Pamela L. Johnston
                                Foley & Lardner LLP
                                Counsel for CRA/LA

BAIRD HOLM

DATED: 7/12/19 BY: _____
                                Scott Parrish Moore
                                Baird Holm LLP


RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: _____ BY: _____
                                Sharon Kinlaw
                                Executive Director
                                Fair Housing Council of
                                San Fernando Valley


DATED: _____ BY: _____
                                Donald R. Warren
                                Warren Benson Law Group
                                Counsel for Fair Housing Council of
                                San Fernando Valley

5

EXHIBIT 1                                                      45

1

<u>CRA/LA - DEFENDANT</u>

2

3    DATED: _____ BY: _____

4                                          Estevan Valenzuela
                                          Chief Executive Officer
5

6    DATED: _____ BY: _____

7                                          Pamela L. Johnston
                                          Foley & Lardner LLP
8                                          Counsel for CRA/LA

9
                                <u>BAIRD HOLM</u>
10

11
     DATED: _____ BY: _____
12
                                          Scott Parrish Moore
13                                        Baird Holm LLP

14

15   <u>RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY</u>

16

17   DATED: _____September 5, 2019__ BY: _~Sharon Kinlaw~_

18                                        Sharon Kinlaw
                                          Executive Director
19                                        Fair Housing Council of
                                          San Fernando Valley
20

21
     DATED: __Sept. 6, 2019__ BY: _~Donald R. Warren~_
22
                                          Donald R. Warren
23                                        Warren Benson Law Group
                                          Counsel for Fair Housing Council of
24                                        San Fernando Valley

25

26

27
                                    5
28

EXHIBIT 1        Scanned with CamScanner

1
2

<u>RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY</u>
<u>(CONTINUED)</u>

3
4
5   DATED: ___7/12/2019___ BY: _____
6                                    Odion L. Okojie
7                                    Law Offices of Odion L. Okojie
                                     Counsel for Fair Housing Council of
8                                    San Fernando Valley

9
10  DATED: __July 12, 2019__ BY: _____
11                                   David O. Iyalomhe
12                                   David Iyalomhe and Associates
                                     Counsel for Fair Housing Council of
13                                   San Fernando Valley

14  **SO ORDERED:**

15
16
17  Dated:_____        _____

18                                   UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28                    6

EXHIBIT 1                                47

# SETTLEMENT AGREEMENT -- ATTACHMENT C

# FORM SATISFACTION OF JUDGMENT

*U.S. ex rel. Ling et al. v. City of Los Angeles et al.*
CRA/LA Settlement Agreement

EXHIBIT 1                                                                48

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
ROSS M. CUFF, AUSA
LISA A. PALOMBO, AUSA (SBN 169119)
        Room 7516, Federal Building
        300 N. Los Angeles Street
        Los Angeles, California 90012
        Tel: (213) 894-4042; Fax: (213) 894-7819
        Email: Lisa.Palombo@usdoj.gov
MICHAEL D. GRANSTON
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
        175 N. Street NE, Room 9.121
        Washington, D.C. 20002
        Tel: 202-307-0256; Fax: (202) 307-3852
        Email: Eric.Schmelzer@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>                Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal corporation and CRA/LA, a Designated Local Authority, a public entity,<br><br>                Defendants. | NO. CV 11-00974 PSG (JCx)<br><br>**SATISFACTION OF CRA/LA's CONSENT JUDGMENT** |

EXHIBIT 1                    49

1    Judgment was rendered in favor of Plaintiff the United States and Relator the Fair

2    Housing Council of San Fernando Valley and against CRA/LA, a Designated Local

3    Authority, in the above-entitled action, on the _____ day of

4    _____, _____. Plaintiff the United States and Relator the Fair

5    Housing Council of San Fernando Valley each acknowledge that CRA/LA, by virtue of

6    settlement payments, has paid the Consent Judgment and the related costs and interest in

7    full, and CRA/LA has fully and completely satisfied the Consent Judgment.

8    As a result, Plaintiff the United States and Relator the Fair Housing Council of

9    San Fernando Valley each releases and discharges the Consent Judgment and authorizes

10   the Clerk to enter and record this Satisfaction of Judgment in Full on the docket in the

11   above captioned action.

12

13

14   _____

15   Plaintiff/Relator Fair Housing Council of
     San Fernando Valley
16   Donald R. Warren
     Warren Benson Law Group
17   Authorized Representative of the Fair Housing Council
     of San Fernando Valley
18

19

20   _____

21   Plaintiff United States of America
     William C. Edgar
22   Senior Trial Counsel
     Commercial Litigation Branch
23   Civil Division
     United States Department of Justice
24

25

26

27

28

EXHIBIT 1                                                    50