1  JOSEPH H. HUNT
   Assistant Attorney General
2  NICOLA T. HANNA
   United States Attorney
3  DAVID K. BARRETT, AUSA
   Chief, Civil Fraud Section
4  LISA A. PALOMBO, AUSA (SBN 169119)
   ROSS M. CUFF, AUSA
5       Room 7516, Federal Building
        300 N. Los Angeles Street
6       Los Angeles, California 90012
        Tel: (213) 894-4042; Fax: (213) 894-7819
7       Email: Lisa.Palombo@usdoj.gov
8  ANDY J. MAO
   SARA MCLEAN
9  WILLIAM C. EDGAR
   ERIC SCHMELZER
10 Attorneys, Civil Division
   United States Department of Justice
11      175 N St. NE, Rm. 9.121
        Washington, DC 20002
12      Tel: 202-307-0256; Fax: (202) 307-3852
        Email: Eric.Schmelzer@usdoj.gov

13 Attorneys for Plaintiff United States of America

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>                Plaintiffs,<br><br>                v.<br><br>CITY OF LOS ANGELES, a municipal corporation, and CRA/LA, a Designated Local Authority, a public entity,<br><br>                Defendants. | No. CV-11-00974 PSG (JCx)<br><br>PLAINTIFF UNITED STATES' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES<br><br>[FILED/LODGED HEREWITH: (1) PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES; (2) DECLARATION OF ERIC SCHMELZER; (3) [PROPOSED] ORDER RE: PLAINTIFF UNITED STATES' MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES]<br><br>DATE: February 3, 2020 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TIME: 1:30 p.m.
COURTROOM: 6A
JUDGE: Hon. Philip S. Gutierrez

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on February 3, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Philip S. Guiterrez, United States District Judge, Courtroom 6A, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiff United States of America (the United States) will and hereby does move the Court to strike certain affirmative defenses asserted by Defendant City of Los Angeles (the City). Specifically, the United States is requesting that the Court strike the City's First, Third, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses contained in the City's Answer to the United States' First Amended Complaint-in-Intervention, and to limit the City's Eleventh Affirmative Defense to an "as applied" challenge, rather than the sweeping Constitutional challenge that is pled. Doc. No. 297.

This motion is and will be made pursuant to Federal Rule of Civil Procedure 12(f)(2) on the ground that the City's affirmative defenses noted above are insufficient as a matter of law.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Eric Schmelzer, the pleadings and other papers on file herein, and such argument and evidence as may be presented in connection with the hearing of this motion.

On Thursday, November 7, 2019, counsel for the United States e-mailed counsel for the City to request their availability for a conference of counsel pursuant to L.R. 7-3 either Friday, November 8, 2019, or the day after Veterans Day, Tuesday, November 12, in advance of the United States' November 18, 2019 filing deadline. (Decl. of Eric Schmelzer ¶ 2).

On Thursday, November 7, the City responded that they were not available until Thursday, November 14. *Id.* ¶ 3.

On Friday, November 8, the United States asked the City if they were available Monday, November 11, but the United States did not receive a response on November 8 or November 11. *Id.* ¶ 4.

On Thursday, November 14, the United States and the City conducted the conference of counsel pursuant to L.R. 7-3. *Id.* ¶ 5. That same day, following the conference of counsel, the United States sent the City thirteen case citations separated by category supporting the positions the United States articulated during the conference of counsel. *Id.* Also during the conference of counsel, the United States requested clarification on certain of the City's affirmative defenses and asked that the City respond before the United States' November 18 deadline for its motion. *Id.*

The City responded on Thursday, November 14 indicating it may not be able to respond to the United States' positions and questions posed during the conference of counsel by Monday, November 18. *Id.* ¶ 6. On November 18, the City did not provide a substantive response and instead said the United States did not allow the City sufficient opportunity to address the issues to fulfill the meet-and-confer requirement. *Id.*

Also on November 18, the United States filed an Ex Parte Application to continue the deadline to file its Motion to Strike, so that the United States and the City could complete the meet-and-confer requirement. (Doc. No. 302). This Court granted the United States' application on November 19. (Doc. No. 303).

On Friday, November 22, the United States and the City finished conferring. The City agreed to withdraw its First and Third Affirmative Defenses. (Schmelzer Decl. ¶ 7). If it does not, the United States requests that they be stricken. The City also clarified that the Eleventh Affirmative Defense asserting an Eighth Amendment challenge is not a facial challenge, but rather an "as applied challenge" to the specific factual circumstances here.

//

//

//

1    *Id.* As such, the United States also requests that the Court limit the City's Eleventh

2    Affirmative Defense to an "as applied challenge" as opposed to the sweeping

3    Constitutional challenge that treble damages and statutory penalties under the FCA are

4    unconstitutional when applied to municipalities.

5

6    Dated:  November 25, 2019                          Respectfully submitted,

7                                                       JOSEPH H. HUNT
                                                        Assistant Attorney General
8                                                       NICOLA T. HANNA
                                                        United States Attorney
9                                                       DAVID K. BARRETT, AUSA
                                                        Chief, Civil Fraud Section
10                                                      ROSS M. CUFF, AUSA
                                                        ANDY J. MAO
11                                                      SARA MCLEAN
                                                        WILLIAM C. EDGAR
12                                                      ERIC SCHMELZER
                                                        Attorneys, Civil Division
13                                                      United States Department of Justice

14
                                                        /s/ *Lisa A. Palombo*
15                                                      LISA A. PALOMBO
                                                        Assistant United States Attorney
16
                                                        Attorneys for Plaintiff United States of
17                                                      America

18

19

20

21

22

23

24

25

26

27

28

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA (SBN 169119)
ROSS M. CUFF, AUSA
      Room 7516, Federal Building
      300 N. Los Angeles Street
      Los Angeles, California 90012
      Tel: (213) 894-4042; Fax: (213) 894-7819
      Email: Lisa.Palombo@usdoj.gov
ANDY J. MAO
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
      175 N St. NE, Rm. 9.121
      Washington, DC 20002
      Tel: 202-307-0256; Fax: (202) 307-3852
      Email: Eric.Schmelzer@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>            Plaintiffs,<br><br>      v.<br><br>CITY OF LOS ANGELES, a municipal corporation, and CRA/LA, a Designated Local Authority, a public entity,<br><br>            Defendants. | No. CV-11-00974 PSG (JCx)<br><br>PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES<br><br>[FILED/LODGED HEREWITH: (1) PLAINTIFF UNITED STATES' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES; (2) DECLARATION OF ERIC SCHMELZER; (3) [PROPOSED] ORDER RE: PLAINTIFF UNITED STATES' MOTION TO STRIKE DEFENDANT CITY OF LOS ANGELES' AFFIRMATIVE DEFENSES]<br><br>DATE: February 3. 2020 |

TIME: 1:30 p.m.
COURTROOM: 6A
JUDGE: Hon. Philip S. Gutierrez

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………...……………iii

PROCEDURAL HISTORY….………………………………………………...... 1

SUMMARY OF THE ARGUMENT...…………………………………............ 2

LEGAL STANDARD……………………………………………………….. 3

ARGUMENT………………………………………………………............4

I.    THE CITY'S EIGHTH AFFIRMATIVE DEFENSE HAS ALREADY BEEN REJECTED BY THIS COURT…………………………………………………………4

II.    THE CITY'S NINTH AND TENTH AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW BECAUSE DAMAGES ARE NOT A REQUIRED ELEMENT TO ESTABLISH FCA LIABILITY….......................................................................5

III.    THE CITY'S TWELFTH AND THIRTEENTH AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW BECAUSE NO PARTY MAY ASSERT THE AFFIRMATIVE DEFENSES OF ESTOPPEL, FAILURE TO MITIGATE DAMAGES, WAIVER AND RATIFICATION, LACHES, AND UNCLEAN HANDS AGAINST THE UNITED STATES WHEN IT SEEKS TO RECOVER PUBLIC FUNDS......................................................6

    A.    The Application of Estoppel and Other Equitable Defenses Against the United States Violates the United States Constitution and Separation of Powers Principles……………………………………………….. 6

    B.    The Defense of Failure to Mitigate Damages Is Invalid Against the United States……...……………………………………………….. 9

    C.    The Defenses of Waiver and Ratification Are Invalid Against the United States……...…………………………………………… 10

    D.    The Defense of Laches Is Invalid Against the United States......................12

    E.    The Defense of Unclean Hands Is Invalid Against the United States……. 13

IV.    THE CITY'S FOURTEENTH AFFIRMATIVE DEFENSE FAILS AS A MATTER OF LAW BECAUSE THE UNITED STATES MAY ASSERT FCA CLAIMS TO RECOVER GRANT FUNDS PROCURED BY FRAUD………......................................................15

i

CONCLUSION………………………………………………………………………16

# TABLE OF AUTHORITIES

## **CASES**

*Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*,
   No. EDCV 13-883 JGB (SPx), 2016 WL 2621301
   (C.D. Cal. Feb. 23, 2016) ..................................................... 12, 13, 14

*Alcantar v. Hobart Serv.*, No. ED CV 11-1600 PSG (SPx),
   2013 WL 228501 (C.D. Cal. Jan. 22, 2013).................................... 4

*Aschroft v. Iqbal*, 556 U.S. 662 (2009).............................. 4, 8, 13, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)............. 4, 8, 13, 14

*Bresson v. Comm'r of Internal Revenue*, 213 F.3d 1173 (9th Cir. 2000)....... 13

*Chevron, U.S.A., Inc. v. United* States, 705 F.2d 1487 (9th Cir. 1983).......... 12

*Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181 (3d Cir. 1986)................. 3

*City of Colton v. Am. Promotional Events, Inc.*, No. EDCV 09-1864 PSG (SSx),
   2012 WL 32606 (C.D. Cal. Jan. 5, 2012)...................................... 13

*Costello v. United States*, 365 U.S. 265 (1961) ............................. 12

*Davidson v. City of Los Angeles*, No. CV 13-9004 PSG (JEMx),
   2014 WL 12708866 (C.D. Cal. Feb. 12, 2014).................................. 3

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165 (9th Cir. 1989) .... 13

*E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746 (9th Cir. 1991).............. 13

*Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947)........................ 10

*Flick v. Liberty Mut. Fire Ins.*, 205 F.3d 386 (9th Cir. 2000) ............... 8

*Fraley v. Travelers Prop. Cas. Co. of Am.*, No. CV 18-00722-AB (JPRx),
   2019 WL 2949026 (C.D. Cal. Mar. 29, 2019).................................. 4

*FTC v. Universal Premium Servs., Inc.*, No. CV 06-0849 SJO (OPx),
   2006 WL 8442141 (C.D. Cal. Sept. 19, 2006)................................. 4

*Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*,
   No. CV 14-00609 DDP (SSx), 2016 WL 7479317
   (C.D. Cal. Dec. 29, 2016)................................................... 12

*Henderson v. JPMorgan Chase Bank*, No. CV 11-3428 PSG (PLAx),
   2013 WL 12126772 (C.D. Cal. July 10, 2013) ................................ 3

*Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037 (9th Cir. 2012) ............. 6

*In re Commonwealth Cos., Inc.*, 913 F.2d 518 (8th Cir. 1990)................ 14

*Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809
(N.D. Cal. Aug. 19, 2014) ................................................................ 2

*Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540 (Fed. Cir. 1988) ............. 11

*Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990) ...................................... passim

*Rainwater v. United States*, 356 U.S. 590 (1958) ........................................... 14

*Ross v. White*, No. 2:17-cv-04149-ODW-JC, 2018 WL 3419647
(C.D. Cal. July 12, 2018) ................................................................ 4

*SEC v. Christian Stanley, Inc.*, No. CV 11-7147-GHK (MANx),
2012 WL 13009138 (C.D. Cal. Apr. 4, 2012) ..................................... 14

*SEC v. Follick*, No. 00 Civ. 4835, 2002 WL 31833868 (S.D.N.Y. Dec. 18, 2002) ........ 14

*SEC v. Gold Std. Mining Corp.*, No. EDCV 13-883 JGB (SPx),
2012 WL 12904080 (C.D. Cal. Dec. 10, 2012) ..................................... 12

*SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995) ................................... 13, 14

*Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420
(S.D. Cal. Sept. 5, 2017) ................................................................ 9

*Thomas v. Quintana*, No. CV 10-02671 JBG (MRWx), 2019 WL 4261875
(C.D. Cal. June 10, 2019) ................................................................ 13

*Toepleman v. United States*, 263 F.2d 967 (4th Cir. 1959),
*cert. denied*, 359 U.S. 989 (1959) ...................................................... 9

*U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890 (9th Cir. 2017) ...................... 4, 15

*U.S. ex rel. Dye v. ATK Launch Sys., Inc.*, No. 1:06-CV-39 TS, 2008 WL 4642164
(D. Utah Oct. 16, 2008) ................................................................ 11

*U.S. ex rel. Feldman v. Van Gorp*, 697 F.3d 78 (2d Cir. 2012) ........................... 15

*U.S. ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985 ABC (EX),
2002 WL 35454612 (C.D. Cal. Aug. 5, 2002) ............................... 9, 11, 13

*U.S. ex rel. King v. Solvay S.A.*, 304 F.R.D. 507 (S.D. Tex. 2015) ........................ 9, 14

*U.S. ex rel. Longhi v. Lithium Power Techs.*, 575 F.3d 458 (5th Cir. 2009) ................. 15

*U.S. ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) ................................... 15

*U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*,
No. 02-5702, 2009 WL 4576097 (D.N.J. Dec. 1, 2009) ..................... 9

*U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist. No. 495*, 688 F.3d 410
(8th Cir. 2012) ................................................................ 4

*U.S. ex rel. Poehling v. UnitedHealth Grp., Inc.*, No. CV 16-8697-MWF (SSx),
2019 WL 2353125 (C.D. Cal. Mar. 28, 2019) ................................... passim

iv

*United States v. Assocs. in Eye Care, P.S.C.*, No. 13-cv-27-GFVT, 2014 WL 12606508 (E.D. Ky. Nov. 14, 2014) ...................................... 10

*United States v. Cherokee Nation of Okla.*, 480 U.S. 700 (1987) ................................. 10

*United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763 (N.D. Tex. 2002) ................................................................................... 14

*United States v. Fowler*, 913 F.2d 1382 (9th Cir. 1990) ...................................... 8

*United States v. Global Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986 (C.D. Cal. May 15, 2008) ................................... 12

*United States v. Hatcher*, 922 F.3d 1402 (9th Cir. 1991) ...................................... 8

*United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112 (D.D.C.) ...................................... 10

*United States v. Hughes Aircraft Co.*, No. CV 89-6842-WJR(SX), 1991 WL 11693422 (C.D. Cal. Jan. 17, 1991) ................................... 8, 12

*United States v. Mackby*, 221 F. Supp. 2d 1106 (N.D. Cal. 2002) ................................... 14

*United States v. Mackby*, 339 F.3d 1013 (9th Cir. 2003) ...................................... 6

*United States v. Olano*, 507 U.S. 725 (1993) ...................................... 10

*United States v. Perez*, 116 F.3d 840 (9th Cir. 1997) ...................................... 10

*United States v. Power Media Grp., Inc.*, No. CV 16-01436 DSF (AGRx), 2016 WL 9226381 (C.D. Cal. Nov. 22, 2016) ................................... 12

*United States v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978) ...................................... 13

*Williams v. El Camaron, LLC*, No. 19-2689-RSWL-(Ex), 2019 WL 4081056 (C.D. Cal. Aug. 29, 2019) ...................................... 10

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) ...................................... 2

**STATUTES**

28 U.S.C. § 516 ...................................... 10

31 U.S.C. § 3729(a)(1)(A) ...................................... 5

31 U.S.C. § 3729(a)(1)(B) ...................................... 5

31 U.S.C. § 3729(b)(2) ...................................... 15

31 U.S.C. § 3730(a) ...................................... 11

**OTHER AUTHORITIES**

S. Rep. No. 99-345 ...................................... 15

v

## **RULES**

Fed. R. Civ. P 8(c).................................................................................3

Fed. R. Civ. P. 12(f).............................................................................3

## **CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. VIII .......................................................................1

U.S. CONST., art. I, § 9 ...................................................................passim

## PROCEDURAL HISTORY

The United States has brought this action against the City of Los Angeles (the City) and CRA/LA for damages and civil penalties under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, and for damages under the common law theories of negligent misrepresentation, payment by mistake, and unjust enrichment. (Doc. No. 216, United States' First Am. Compl.-in-Intervention ¶ 1). Since February 1, 2005, Defendants received federal taxpayer dollars from the United States Department of Housing and Urban Development (HUD) by falsely promising to create affordable, accessible housing. *Id.* ¶ 3. Defendants used the taxpayer dollars they received to discriminate against people with disabilities in Los Angeles by depriving them of an equal opportunity to participate in federally-assisted housing programs. *Id.* ¶ 6. HUD paid out many millions of dollars for accessible housing that the United States—and the residents of Los Angeles—did not receive. *Id.* ¶ 7.

On October 28, 2019, the City answered the United States' First Amended Complaint-in-Intervention and asserted a number of affirmative defenses. (Doc. No. 297, Def. City of Los Angeles' Answer to First Amended Compl.-in-Intervention) [hereinafter Answer]. During the parties' meet and confer on November 22, and via e-mail on November 25, the City represented that it would concede and withdraw its First and Third Affirmative Defenses. (Schmelzer Decl. ¶¶ 7–8). Based upon this representation, and the fact that these Affirmative Defense have already been rejected by this Court, the United States requests that the Court strike the City's First and Third Affirmative Defenses if the City fails to withdraw them. (*See* Order Denying the City of Los Angeles ' Mot. To Dismiss, Doc. No. 255). The City also represented during the November 22 meet and confer, and via e-mail on November 25, that its Eleventh Affirmative Defense—asserting that "[t]he treble damages and penalty provision[] of the False Claims Act [is] unconstitutional under the Eighth Amendment to the United States Constitution (Answer 68)—is not a facial challenge to the FCA's treble damages and penalty provision, but rather an "as applied" challenge to the specific factual

1

circumstances at issue. (Decl. of Eric Schmelzer ¶¶ 7−8). Given the City's representation that this an "as applied" challenge, the United States requests that the Court limit the Eleventh Affirmative Defense to an "as applied" challenge.

## SUMMARY OF THE ARGUMENT

A number of assertions the City characterizes as affirmative defenses are not actually affirmative defenses. An affirmative defense "plead[s] matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *6 (N.D. Cal. Aug. 19, 2014). "By contrast, denials of a plaintiff's allegations or allegations that the plaintiff cannot prove the elements of her claims are not affirmative defenses." *Id.* (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("[A] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")). Nevertheless, the United States moves to strike only those affirmative defenses noted below.

For its Eighth Affirmative Defense, the City asserts that "[t]he United States' claims are barred by way of the regulatory and statutory procedures and mechanisms for administration and enforcement of the Federal Grant Programs and related funds and the City's reasonable expectation in relying on the procedures and mechanisms." *Id.* This defense has already been rejected by this Court.

For its Ninth Affirmative Defense, the City asserts that "[t]he United States' claims are barred because the United States has not suffered, and will not suffer, any damages or injury to a legally protected interest caused by the City's alleged conduct." *Id.* For its Tenth Affirmative Defense, the City asserts that "[t]he damages alleged by the United States are the result of acts of omissions committed by third parties, over whom the City had no control or responsibility." *Id.* at 67−68. These defenses concern damages, which are not a required element to establish FCA liability and do not bar the imposition of penalties under the FCA.

2

For its Twelfth Affirmative Defense, the City asserts that "[t]he United States['] claims are barred for failure to mitigate damages." *Id.* For its Thirteenth Affirmative Defense, the City asserts that "the United States' claims are barred, in whole or in part, by estoppel, laches, ratification, waiver and/or unclean hands." *Id.* These defenses are invalid as a matter of law because no party may assert equitable defenses against the United States when the Government seeks to recover public funds.

And for its Fourteenth Affirmative Defense, the City asserts that "[t]he United States' claims are barred because the federal funds at issue involve grants and not procurement contracts." *Id.* The defense finds no support in the FCA or case law. More broadly, the City has not pled any of the defenses noted above with the required specificity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) grants the court discretion to "strike from a pleading an insufficient defense." The rule serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Henderson v. JPMorgan Chase Bank*, No. CV 11-3428 PSG (PLAx), 2013 WL 12126772, at *2 (C.D. Cal. July 10, 2013). Although courts generally disfavor motions to strike "because of the limited importance of pleadings in federal practice and because [a motion to strike] is usually used as a delaying tactic," they will strike matters that "have no possible bearing on the subject matter of the litigation." *Id.* (internal citations omitted). Accordingly, "[t]he moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Davidson v. City of Los Angeles*, No. CV 13-9004 PSG (JEMx), 2014 WL 12708866, at *1 (C.D. Cal. Feb. 12, 2014). For example, courts will strike affirmative defenses where "the insufficiency of the defense is clearly apparent," *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (internal quotations omitted), including those that are invalid against the United States without need to develop a factual record. *See, e.g.*, *U.S. ex rel. Poehling v.*

3

*UnitedHealth Grp., Inc.*, No. CV 16-8697-MWF (SSx), 2019 WL 2353125, at *9−10 (C.D. Cal. Mar. 28, 2019).

Federal Rule of Civil Procedure 8(c) provides that a party must "affirmatively state any . . . affirmative defense." An affirmative defense is sufficiently pled if "it gives plaintiff fair notice of the defense." *Alcantar v. Hobart Serv.*, No. ED CV 11-1600 PSG (SPx), 2013 WL 228501, at *5 (C.D. Cal. Jan. 22, 2013). Some courts apply the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Aschroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. *See, e.g.*, *Ross v. White*, No. 2:17-cv-04149-ODW-JC, 2018 WL 3419647, at *3 (C.D. Cal. July 12, 2018); *Dairy Emps. Union Local No. 17 v. Poel*, No. CV 12-4550 FMO (OPx), 2014 WL 12884088, at *2 (C.D. Cal. Sept. 15, 2014). *But see Fraley v. Travelers Prop. Cas. Co. of Am.*, No. CV 18-00722-AB (JPRx), 2019 WL 2949026, at *2−3 (C.D. Cal. Mar. 29, 2019).

In any event, "[w]here an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Poel*, 2014 WL 12884088, at *2. Further, "[a]gainst the government, where it is so hard to successfully assert estoppel, waiver, laches, and unclean hands . . . the failure to provide sufficient notice to the plaintiff is even less excusable." *FTC v. Universal Premium Servs., Inc.*, No. CV 06-0849 SJO (OPx), 2006 WL 8442141, at *3 (C.D. Cal. Sept. 19, 2006).

## ARGUMENT

## I. THE CITY'S EIGHTH AFFIRMATIVE DEFENSE HAS ALREADY BEEN REJECTED BY THIS COURT

The City's Eighth Affirmative Defense asserts that "the United States' claims are barred by way of the regulatory and statutory procedures and mechanisms for administration and enforcement of the Federal Grant Programs and related funds and the City's reasonable expectation in relying on the procedures and mechanisms." (Answer 67). This argument lacks any merit. *U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist.*

*No. 495*, 688 F.3d 410, 415 (8th Cir. 2012) (explaining "Congress intended to allow the government to choose among a variety of remedies, both statutory and administrative, to combat fraud); *see also U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 905 (9th Cir. 2017) ("[J]ust as it is not the purpose of the False Claims Act to ensure regulatory compliance, it is not the [agency's] purpose to prevent fraud on the government's fisc."). In any event, this Court already rejected the City's argument. (Order 10−11). As this Court explained:

> Finally, the City argues that "if the Government is going to embrace the essence of a program, it has to embrace the entire program, including the remedies the City is entitled to expect." By this, it appears to mean that HUD cannot bring an FCA claim until it exhausts all potential administrative mechanisms for recovering the funds at issue. This logic is difficult to follow. It is not clear why the availability of administrative remedies to deal with noncompliance would be evidence that noncompliance was immaterial. As the Government points out, the fact that administrative procedures were created to deal with noncompliance seems to lead to the opposite conclusion—that ensuring compliance *was* important.

*Id.* at 10. To the extent the City seeks reconsideration of this Court's conclusions, that deadline has already passed. The City may not reassert a rejected argument by styling it an affirmative defense. This Court should therefore strike the City's Eighth Affirmative Defense.

## II.   THE CITY'S NINTH AND TENTH AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW BECAUSE DAMAGES ARE NOT A REQUIRED ELEMENT TO ESTABLISH FCA LIABILITY

The City's Ninth and Tenth Affirmative Defenses seek to bar the United States' claims because the United States allegedly has not suffered damages and because the damages were allegedly caused by third parties. (Answer 67). Yet damages are not a required element to establish FCA liability. Section 3729(a)(1)(A) imposes liability on

any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Section 3729(a)(1)(B) imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *See also Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012) (explaining that, to succeed on an FCA claim, the Government must prove "(1) a false or fraudulent claim (2) that was material to the decision-making process (3) which defendant presented, or caused to be presented, to the United States for payment or approval (4) with knowledge that the claim was false or fraudulent"). Only after liability has been established is a jury instructed to return a verdict for damages. *Cook Cty. v. U.S. ex rel. Chandler*, 538 U.S. 119, 132 (2003). A defendant may be liable and subject to mandatory penalties under the FCA even if no damages are established. *United States v. Mackby*, 339 F.3d 1013, 1014 (9th Cir. 2003) (noting "that Congress provided for . . . an automatic civil monetary penalty per false claim"). Because the City's Ninth and Tenth Affirmative Defenses cannot bar the United States' FCA claims as a matter of law, this Court should strike the defenses, at least with respect to the United States' FCA claims.

III.   **THE CITY'S TWELFTH AND THIRTEENTH AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW BECAUSE NO PARTY MAY ASSERT THE AFFIRMATIVE DEFENSES OF ESTOPPEL, FAILURE TO MITIGATE DAMAGES, WAIVER AND RATIFICATION, LACHES, AND UNCLEAN HANDS AGAINST THE UNITED STATES WHEN IT SEEKS TO RECOVER PUBLIC FUNDS**

A.   **The Application of Estoppel and Other Equitable Defenses Against the United States Violates the United States Constitution and Separation of Powers Principles**

The City's affirmative defenses of estoppel, failure to mitigate damages, waiver and ratification, laches, and unclean hands—as set forth in its Twelfth and Thirteenth Affirmative Defenses—are invalid against the United States when the Government seeks to recover public funds. The unavailability of these defenses stems from the United

States Supreme Court's decision in *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990), where the Court held that "equitable estoppel will not lie against the Government as it lies against private litigants" and the Government "is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit."

In *Richmond*, a retired federal employee lost certain benefits after receiving erroneous advice from Government personnel. *Id.* at 416−18. He subsequently brought action in federal court, arguing estoppel required payment of his benefits despite a statutory provision rendering him ineligible. *Id.* at 418. The Supreme Court grounded its refusal to apply estoppel in the Appropriations Clause of Article I of the Constitution, which provides that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." *Id.* at 424 (quoting U.S. CONST., art. I, § 9). According to the Court, the "fundamental and comprehensive purpose" of the Appropriations Clause "is to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants." *Id.* at 428−29. The Court thus held that estoppel, if applied against the Government, would "render the Appropriations Clause a nullity" because agents of the Executive could obligate the Treasury for the payment of funds, thereby effectively transferring control over the appropriation of public funds from the Legislative Branch to the Executive Branch. *Id.* at 428.

The Court further explained its holding applies both where Executive conduct "has the effect of frustrating congressional intent to withhold funds [and] to pay them." *Id.* at 429. Otherwise, any application of judicial estoppel would vest authority "in agents that Congress would be powerless to constrain." *Id.* Accordingly, "[a]ny exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid reservation of congressional control over funds in the Treasury." *Id.* at 425. The Appropriations Clause thus bars the assertion not only of estoppel, but also of other

7

equitable defenses against the Government where Congress, through appropriation, is regulating public funds, as it does here.[1] *See Flick v. Liberty Mut. Fire Ins.*, 205 F.3d 386, 391 (9th Cir. 2000) ("Because the holding in *Richmond* was based on the Appropriations Clause, its scope is not limited to the applicability of estoppel to the federal government.").

As one district court noted in barring an estoppel defense in an FCA action brought by the United States, "[c]ertainly there has been no authorization for the payment of money from the Treasury based on fraud. . . . A successful estoppel defense would impermissibly obligate the Treasury to the payment of funds which were never appropriated." *United States v. Hughes Aircraft Co.*, No. CV 89-6842-WJR(SX), 1991 WL 11693422, at *2 (C.D. Cal. Jan. 17, 1991). There, based on *Richmond*'s holding and the Appropriations Clause, the court precluded the defendant from asserting estoppel. *Id.* at *1−2. *Compare United States v. Fowler*, 913 F.2d 1382, 1385−86 (9th Cir. 1990) (barring a defendant from asserting estoppel in an action by the United States to recover payments wrongfully disbursed under the United States' National Insurance Flood Program), *with United States v. Hatcher*, 922 F.3d 1402, 1410 n.9 (9th Cir. 1991) (allowing defendant to assert an estoppel defense to a breach of contract claim brought by the United States where there were no "direct demands on the public fisc").

Here, the United States is seeking to recover public funds appropriated by Congress and disbursed to the City based on the City's false claims and statements. In light of *Richmond*, the Appropriations Clause, and separation of powers principles, the City's estoppel defense is invalid as a matter of law. And to the extent an estoppel defense could ever be asserted in the instant case, the City does not plead sufficient facts to give the United States fair notice consistent with minimum pleading requirements, let alone *Twombly* and *Iqbal*. Consequently, this Court should strike the City's affirmative defense of estoppel. For the same reasons, the City's remaining equitable defenses are

---

[1] *See, e.g.*, City Mot. to Dismiss First Am. Compl.-in-Intervention, Doc. No. 219-1, at 4−5, 20.

8

invalid as a matter of law. *Poehling*, 2019 WL 2353125, at *9−10 (barring the affirmative defenses of failure to mitigate damages, ratification, and estoppel, based on *Richmond* and its progeny).

### B.    The Defense of Failure to Mitigate Damages Is Invalid Against the United States

A failure to mitigate damages is also an equitable defense barred by *Richmond*, the Appropriations Clause, and separation of powers principles. *Poehling*, 2019 WL 2353125, at *9−10. Additionally, "as a matter of law under the False Claims Act, the government has no legal duty to mitigate damages." *U.S. ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985 ABC (EX), 2002 WL 35454612, at *7−8 (C.D. Cal. Aug. 5, 2002); *see also U.S. ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015) (noting the case law is "clear that the Government is under no duty to mitigate in fraud cases"); *U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, No. 02-5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009) (holding the United States "has no duty to mitigate damages in fraud actions, including those under the FCA") (citing *Toepleman v. United States*, 263 F.2d 967, 700 (4th Cir. 1959), *cert. denied*, 359 U.S. 989 (1959)). Courts bar the affirmative defense because a defendant "is not permitted to shield itself from potential liability from the Government's allegations by arguing that the Government should have done more to stop [the defendant] from perpetrating an alleged fraud." *Monohan*, 2009 WL 4576097, at *8.
Because the defense of failure to mitigate damages is invalid against the United States without need to factually develop the record, this Court should strike the defense. Moreover, the City's barebones pleading—simply asserting a failure by the United States to mitigate damages—is also insufficient to give the United States fair notice under any pleading requirement. *See Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420, at *4 (S.D. Cal. Sept. 5, 2017) (finding a number of affirmative defenses, including failure to mitigate, insufficiently pled where they were "entirely conclusive and devoid of any factual basis").

9

### C.     The Defenses of Waiver and Ratification Are Invalid Against the United States

Waiver and ratification are equitable defenses barred by *Richmond*, the Appropriations Clause, and separation of powers principles. *Poehling*, 2019 WL 2353125, at \*9−10. In addition, the defenses fail as a matter of law because the unauthorized acts of a government agent may not waive the United States' rights or ratify a defendant's conduct. *Cf. Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947) (holding the federal government is not bound by an agent's representations that are contrary to law); *Rogan*, 517 F.3d at 452 ("The United States is entitled to guard the public fisc against schemes designed to take advantage of overworked, harried, or inattentive disbursing officers; the False Claims Act does this by insisting that persons who send bills to the Treasury tell the truth.").

Generally, in order to assert a waiver defense, a defendant "must allege government conduct constituting an 'intentional relinquishment or abandonment of a known right' by a government actor 'having the authority to do so.'" *United States v. Assocs. in Eye Care, P.S.C.*, No. 13-cv-27-GFVT, 2014 WL 12606508, at \*4 (E.D. Ky. Nov. 14, 2014) (quoting *United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112, 114 (D.D.C.), in turn quoting, *inter alia*, *United States v. Olano*, 507 U.S. 725, 733 (1993)); *see also Williams v. El Camaron, LLC*, No. 19-2689-RSWL-(Ex), 2019 WL 4081056, at \*2 (C.D. Cal. Aug. 29, 2019) ("Waiver is the intentional relinquishment or abandonment of a known right.") (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)). The Supreme Court has held "a waiver of sovereign authority will not be implied, but instead must be surrendered in unmistakable terms." *United States v. Cherokee Nation of Okla.*, 480 U.S. 700, 707 (1987). Likewise, "[f]or ratification to apply, the Attorney General would have had to approve of [defendant's] billing practices in a similar sense to that of waiver." *Assocs. in Eye Care, P.S.C.*, 2014 WL 12606508, at \*4.

Congress has reserved to the Department of Justice the conduct of litigation in which the United States is a party. 28 U.S.C. § 516 ("Except as otherwise authorized by

law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, as securing evidence therefor, is reversed to officers of the Department of Justice, under the direction of the Attorney General."). With respect to the FCA, moreover, Congress granted the Attorney General authority over a civil action. 31 U.S.C. § 3730(a); *Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 548 (Fed. Cir. 1988) (noting Congress granted the Attorney General "specific authority to 'administer, settle, or determine' claims or disputes under the False Claims Act"). Because the authority to waive, settle, or release FCA and common law claims in which the United States is a party rests exclusively with the Department of Justice, no other agent of the United States may waive or ratify FCA violations. *U.S. ex rel. Dye v. ATK Launch Sys., Inc.*, No. 1:06-CV-39 TS, 2008 WL 4642164, at *3 (D. Utah Oct. 16, 2008) (striking the affirmative defenses of waiver and ratification where defendant did not plead that the Attorney General relinquished or abandoned a known right).

Although the district court in *United States ex rel. Jordan* allowed a defendant to assert the affirmative defense of ratification and waiver against the United States— despite the fact the Government was seeking to recover public funds—the court mistakenly reasoned that the government contracting officer's knowledge of the false claim or statement was relevant to the element of *scienter* under the FCA and that the defendant should be allowed to present evidence on ratification or waiver. 2002 WL 35454612, at *8. The court's analysis conflated the affirmative defenses of ratification or waiver with the element of *scienter*. Striking the affirmative defense of waiver or ratification does not preclude a defendant from seeking evidence on the relevant government contracting officer's knowledge in an effort to show the defendant acted in good faith, rather than with the requisite *scienter* under the FCA. Notably, a later district court in the Central District of California considered the district court's finding in *United States ex rel. Jordan*, but correctly granted the United States' motion to strike the affirmative defense of ratification based on *Richmond* and its progeny. *Poehling*, 2019 WL 2353125, at *10.

11

Even if the City could assert waiver or ratification consistent with *Richmond*, the Appropriations Clause, and separation of powers principles, the City has not sufficiently pled that the Attorney General intentionally relinquished or abandoned a known right. Consequently, this Court should strike the City's affirmative defenses of waiver and ratification.

### D.    The Defense of Laches Is Invalid Against the United States

Laches "is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on [their] rights." *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. CV 14-00609 DDP (SSx), 2016 WL 7479317, at *3 (C.D. Cal. Dec. 29, 2016). As an equitable defense, it is barred by *Richmond*, the Appropriations Clause, and separation of powers principles. *Hughes Aircraft Co.*, 1991 WL 11693422, at *3 ("[T]he reasoning of [*Richmond*] also applies to equitable defenses such as laches.").

In addition, "[t]he United States is immune from equitable doctrines such as laches when it asserts public rights." *Id.*; *see also United States v. Power Media Grp., Inc.*, No. CV 16-01436 DSF (AGRx), 2016 WL 9226381, at *1 n.1 (C.D. Cal. Nov. 22, 2016) ("[T]he government is not bound by . . . laches in enforcing its rights.") (quoting *Chevron, U.S.A., Inc. v. United* States, 705 F.2d 1487, 1491 (9th Cir. 1983)); *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. EDCV 13-883 JGB (SPx), 2016 WL 2621301, at *3 (C.D. Cal. Feb. 23, 2016) ("[I]t is well-established that laches may not be asserted against the United States . . . ."); *SEC v. Gold Std. Mining Corp.*, No. EDCV 13-883 JGB (SPx), 2012 WL 12904080, at *2 (C.D. Cal. Dec. 10, 2012) ("Courts have held that the defense of laches cannot be applied to a government agency when it is acting to enforce a public right or interest.") (citing *Costello v. United States*, 365 U.S. 265, 281 (1961)); *United States v. Global Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *3 (C.D. Cal. May 15, 2008) ("[L]aches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest.") (citing

*Bresson v. Comm'r of Internal Revenue*, 213 F.3d 1173, 1175−76 (9th Cir. 2000)); *U.S. ex rel. Jordan*, 2002 WL 35454612, at *6 ("[I]t is clear that [t]he government is not subject to a defense of laches when enforcing its rights.") (internal quotations omitted); *SEC v. Sands*, 902 F. Supp. 1149, 1167 (C.D. Cal. 1995).

A minority of district courts have found laches "may be a defense against the government if a defendant can show 'affirmative misconduct' by the government." *Thomas v. Quintana*, No. CV 10-02671 JBG (MRWx), 2019 WL 4261875, at *8 (C.D. Cal. June 10, 2019) (quoting *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978)); *cf. City of Colton v. Am. Promotional Events, Inc.*, No. EDCV 09-1864 PSG (SSx), 2012 WL 32606, at *4−5 (C.D. Cal. Jan. 5, 2012) (noting "the Supreme Court has not entirely foreclosed the possibility that a party could successfully mount an equitable defense against the government in statutory enforcement actions"). Even if the City could assert laches consistent with *Richmond*, the Appropriations Clause, and separation of powers principles, it does not plead any affirmative misconduct consistent with minimum pleading requirements, let alone *Twombly* and *Iqbal*.

### E.    The Defense of Unclean Hands Is Invalid Against the United States

The doctrine of unclean hands "is an equitable defense" that "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in [their] prior conduct, as well as to a plaintiff who has dirtied [their] hands in acquiring the right presently asserted." *Agua Caliente Band of Cahuilla Indians*, 2016 WL 2621301, at *5 (quoting *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989)). As an equitable defense, it is barred by *Richmond*, the Appropriations Clause, and separation of powers principles.

Further, a defendant may not assert unclean hands against the United States to prevent it from enforcing its laws to recover public funds. *E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746, 754 (9th Cir. 1991) (affirming a district court's refusal to apply the "clean hands" doctrine against the Government on the ground that "equitable relief should be withheld if its exercise would be contrary to the public interest"); *see also*

*Agua Caliente Band of Cahuilla Indians*, 2016 WL 2621301, at *7; *SEC v. Follick*, No. 00 Civ. 4835, 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) ("[T]he doctrine of unclean hands may not be invoked against a government agency which is attempting to enforce a congressional mandate in the public interest."); *Sands*, 902 F. Supp. at 1166.

Congress enacted the FCA to protect the public fisc from fraud against the Government. *Rainwater v. United States*, 356 U.S. 590, 592 (1958) (explaining congressional objective in passing the FCA "was broadly to protect the funds and property of the Government from fraudulent claims, regardless of the particular form, or function, of the government instrumentality upon which such claims were made"); *United States v. Mackby*, 221 F. Supp. 2d 1106, 1114 (N.D. Cal. 2002) (noting "civil actions by the government to enforce the FCA serve to inflict the 'sting of punishment' on wrongdoers and, more importantly, deter fraud against the government, which Congress has recognized as a severe, pervasive, and expanding national problem") (quoting *In re Commonwealth Cos., Inc.*, 913 F.2d 518, 526 (8th Cir. 1990)). When the United States brings suit to recover public property obtained by fraud, then, the defense of unclean hands is invalid. *See, e.g.*, *U.S. ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 513 (S.D. Tex. 2015) (finding the defense of unclean hands in an FCA action fails as a matter of law in light of the general rule that unclean hands "will not lie against the government"); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 774 (N.D. Tex. 2002) (finding the defense of unclean hands in an FCA action insufficient as a matter of law).

Even in rare circumstances where courts have departed from the weight of authority to apply the doctrine of unclean hands against the United States, the defense "is only available where the government's misconduct is so egregious that it results in prejudice that rises to a constitutional level." *SEC v. Christian Stanley, Inc.*, No. CV 11-7147-GHK (MANx), 2012 WL 13009138, at *4 (C.D. Cal. Apr. 4, 2012). The City has pled nothing of the kind here and certainly not to the heightened pleading standard under *Twombly* and *Iqbal*. The unclean hands defense cannot stand. This Court should strike

14

the City's Twelfth and Thirteenth Affirmative Defenses asserting estoppel, failure to mitigate damages, ratification and waiver, laches, and unclean hands.

## IV. THE CITY'S FOURTEENTH AFFIRMATIVE DEFENSE FAILS AS A MATTER OF LAW BECAUSE THE UNITED STATES MAY ASSERT FCA CLAIMS TO RECOVER GRANT FUNDS PROCURED BY FRAUD

The City's Fourteenth Affirmative Defense—that "[t]he United States' claims are barred because the federal funds at issue involve grants and not procurement contracts," (Answer 68)—finds no support in the FCA's statutory language, legislative history, or case law. First, the FCA expressly applies in the grant context to grantees and other recipients of grant funds. It explicitly defines "claim" to include "any request or demand, whether under a contract *or otherwise*, for money or property . . . that . . . is made to a contractor, *grantee*, or other recipient . . . ." 31 U.S.C. § 3729(b)(2) (emphasis added).

Second, the legislative history of the FCA's 1986 amendments explains that the FCA "has been used . . . in defending the Federal treasury against unscrupulous contractors and grantees," that "a false claim to the recipient of a grant from the United States . . . is a false claim" under the FCA, and that the Government is permitted "to sue under the False Claims Act for frauds perpetrated on Federal grantees, including States and other recipients of Federal funds." S. REP. NO. 99-345, at 4, 10, 15 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5269, 5275, 5286.

Third, courts "construe the [FCA] broadly, as it is intended to reach all types of fraud, without qualification, that might result in financial loss to the Government," *U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017) (internal quotations omitted); *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1170 (9th Cir. 2006). Accordingly, courts have long applied the FCA to false claims or statements under grant programs. *See, e.g.*, *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537 (1943); *U.S. ex rel. Feldman v. Van Gorp*, 697 F.3d 78, 80 (2d Cir. 2012); *U.S. ex rel. Longhi v. Lithium Power Techs.*, 575 F.3d 458, 461 (5th Cir. 2009); *Hendow*, 461 F.3d at 1168. Accordingly, this Court should strike the City's Fourteenth Affirmative Defense.

**CONCLUSION**

In light of the foregoing, the United States respectfully requests that this Court strike the City's First, Third, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses. Finally, the United States asks the Court to strike the City's sweeping constitutional challenge that treble damages and statutory penalties under the FCA are unconstitutional when applied to municipalities and limit the City's Eleventh Affirmative Defense to an "as applied" challenge on Eighth Amendment grounds.

Dated:  November 25, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
ROSS M. CUFF, AUSA
ANDY J. MAO
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice

/s/ *Lisa A. Palombo*
LISA A. PALOMBO
Assistant United States Attorney

Attorneys for Plaintiff United States of America