## SETTLEMENT AGREEMENT

This Settlement Agreement for attorney's fees ("Agreement"), among CRA/LA, a Designated Local Authority ("CRA/LA") as successor to The Community Redevelopment Agency of the City of Los Angeles, Relman, Dane & Colfax PLLC ("the Relman Firm"), former counsel of Relators Fair Housing Council of San Fernando Valley ("FHC") and FHC (hereafter collectively referred to as "the Parties"), through their authorized representatives, memorializes the settlement of a disputed claim to "reasonable" attorney's fees and costs by the Relman Firm under 31 U.S.C. § 3730(d) for its representation of FHC in the federal *qui tam* Civil Action identified below. This Agreement resolves all claims for all attorneys' fees and costs requested from CRA/LA by the Relman Firm and/or FHC. This Agreement does not resolve and has no impact on the following matters which are specifically excepted and excluded from this Agreement:

(a) The Relman Firm's fees, expenses and costs incurred in connection with the actions of the City of Los Angeles;

(b) The Relman Firm's claims against the FHC, and the FHC's defenses, affirmative defenses, claims or counterclaims which FHC has asserted against the Relman Firm, in Case No. 2:19-cv-8612 (U.S. Dist. Ct., C.D. Cal.) or may assert in the future;

(c) FHC's fees, expenses and costs incurred in connection with its actions against the City of Los Angeles; and

(d) The Relman Firm's claim for attorneys' fees and costs from Relator Mei Ling.

## RECITALS

A.  CRA/LA, a Designated Local Authority, is the successor of The Community Redevelopment Agency of the City of Los Angeles ("the former CRA"). The former CRA was a public agency created by the City of Los Angeles ("the City") to finance and assist in the development of affordable housing, among other things, within the City's boundaries using local tax monies and federal funds passed through the City. From February 1, 2005 to May 23, 2013,

4838-9631-8125.2

the former CRA, and later the CRA/LA, obtained and used federal funds made available to the City as part of HUD's HOME Investment Partnerships (HOME) Program and its Community Development Block Grant (CDBG) Program in connection with multifamily housing projects. In June 2011, the State of California dissolved all redevelopment agencies in the State, including the former CRA, effective as of February 1, 2012. CRA/LA's responsibilities include winding down the affairs of the former CRA and satisfying the former CRA's enforceable obligations. By law, pursuant to Assembly Bill XI 26, all litigation involving the former CRA was transferred to CRA/LA.

        B.        On February 1, 2011, relator Mei Ling and relator the FHC (collectively "Relators") through counsel, the Relman Firm, filed an under seal *qui tam* action in the United States District Court for the Central District of California against the former CRA and the City captioned *United States ex rel. Ling, et al. v. City of Los Angeles et al.*, No. 11-cv-00974 PSG (JCx), pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. § 3730(b) ("the Civil Action"). Relators alleged that, since at least February 1, 2005, HUD provided the City federal housing funds through the HOME and CDBG programs. As a precondition to receiving such funds, the City certified to HUD compliance with certain civil rights requirements, including Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination on grounds of disability in any program or activity receiving federal funds. The City then passed some of those federal funds down to the former CRA, as a sub-recipient. The former CRA used those funds for financing and assisting in the development of affordable multifamily housing that allegedly discriminated against people with disabilities. As a result, the former CRA allegedly caused the submission of false claims to HUD in violation of the FCA. CRA/LA does not admit that the allegations are true.

        C.        On July 12, 2019, the United States, FHC, and CRA/LA entered into a settlement agreement ("FCA Agreement") in which CRA/LA, subject to a fairness hearing, agreed to pay three million and one hundred thousand dollars ($3,100,000.00), plus interest at a rate of two point four three percent (2.43%) compounded annually, and the payment of reasonable costs and

2

fees of Odion Okojie, David Iyalomhe, Baird Holm LLP, and Warren Benson Law Group ("First Set of Settling Counsel") in association of their representation of Relator FHC pursuant to 31 U.S.C. §3730(d) in return for a full and final release of the former CRA and CRA/LA from any and all causes of action, rights, or claims, whether known or unknown, from the beginning of time to the date of execution of the settlement agreement, arising out of the Civil Action. Conditioned on the FCA Agreement, the United States, FHC, the First Set of Settling Counsel and CRA/LA entered into a Consent Judgment re CRA/LA (the "Consent Judgment re CRA/LA"). Both the FCA Agreement and the Consent Judgment re CRA/LA are awaiting approval in a fairness hearing before the Court. The hearing regarding that process is now scheduled for December 16, 2019. The Fees for the Relman Firm and an accompanying release were not memorialized in the FCA Agreement nor the Consent Judgment re CRA/LA. The FCA Agreement is attached and incorporated hereto as Attachment A. The Consent Judgment re CRA/LA is attached and incorporated herein as Attachment B.

D. From May 2010 through approximately September 2016, the Relman Firm represented FHC and Ling in connection with the collection of evidence, presentations to the government, pre-filing negotiations between the City of Los Angeles and the government, the filing of the Relators' complaint on February 1, 2011, and post-filing support and communications intended to persuade the government to intervene in the case. The relationship terminated in 2016, and the Relators stated they were voiding the fee agreements with the Relman Firm. Soon thereafter, the Relman Firm brought suit in the district court for the District of Columbia (*Relman, Dane & Colfax PLLC, v. Fair Housing Council of San Fernando Valley, et al.*, No. 1:18-cv-00495-TNM(RMM) ("Relman Action") seeking to bind the FHC and Ling by the engagement agreement and honor the fee provisions in such. On October 7, 2019, the Court transferred the Relman Action to the Central District of California so the case number is now 2:19-cv-08612-CAS(AFM).

E. The CRA/LA asserts that, on or about May 20, 2019, Ling indicated in writing that she, as one of the Relman Firm's prior clients, did not want the Relman Firm to recover any

3


4838-9631-8125.2

attorney's fees and costs from CRA/LA. The FHC, as the other prior client of the Relman Firm, indicated that it wanted the Relman firm to recover attorney's fees and costs from CRA/LA. Accordingly, as set forth below, CRA/LA, FHC and the Relman Firm have reached a settlement pursuant to 31 U.S.C. § 3730(d) regarding what the Relman Firm claims are its reasonable fees and costs incurred in this Civil Action by the Relman Firm in connection with releases and other terms outlined below, contingent upon the outcome of the fairness hearing set to consider the FCA Agreement and the Consent Judgment re CRA/LA.

    F.    The parties agree that this Court is a competent court of law as that phrase is used in California Health & Safety Code § 34171(d)(1)(D). The parties also agree that the Consent Judgment re Relman (hereinafter referred to as "the Consent Judgment re Relman" and attached here as Attachment C), which depends on, and results from this Agreement and is contingent on confirmation of the FCA Agreement and entry of the Consent Judgment re CRA/LA, is an enforceable obligation as defined in California Health & Safety Code § 34171(d)(1)(D).

    G.    This Agreement is neither an admission of liability by the former CRA and CRA/LA nor a concession by the FHC and Relman Firm that their claims were not well founded

    To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

### TERMS AND CONDITIONS

    1.    Conditioned upon approval by the Court of the FCA Agreement and entry of the Consent Judgment re CRA/LA and the Consent Judgment re Relman, CRA/LA agrees to pay Relman, Dane & Colfax PLLC two hundred fifty-six thousand eight hundred eighty dollars and seventy nine cents ($256,880.79), for what the Parties agree is settlement of the Relman Firm's claim for reasonable attorneys fees and costs incurred in connection with its representation as Counsel for Fair Housing Council of San Fernando Valley (the "Settlement Amount"). A post-judgment interest rate of two point four three percent (2.43%) compounded annually from the date of entry of the Consent Judgment re Relman to the date of Payment in full or July 30, 2020



4

4838-9631-8125.2

(whichever is earlier), plus, in the case of an Uncured Default, interest at a rate of twelve percent (12%), compounded daily, from July 31, 2020, until the date CRA/LA pays the above agreed upon Settlement Amount stipulated to in this Paragraph 1 and reflected in the Consent Judgment re Relman.

2. If CRA/LA fails to pay the settlement amount in full, on or before July 30, 2020, CRA/LA shall be in Default as of July 31, 2020.

    a. The Relman Firm will provide written notice of the Default to CRA/LA. Notice of Default will be delivered to CRA/LA by delivery to Pamela L. Johnston at Foley & Lardner LLP and Thomas Webber at Goldfarb Lipman.

    b. CRA/LA shall have twenty (20) calendar days from its receipt of notice to cure the Default by making payment of the Settlement Amount in full pursuant to Paragraph 1 above.

    c. If CRA/LA fails to cure the Default within twenty (20) days the Default becomes an "Uncured Default," and all remaining Settlement Amount principal and interest shall become accelerated and immediately due and payable, and additional interest shall accrue on those amounts at the rate of twelve percent (12%) compounded daily, from July 31, 2020, until the date CRA/LA pays all of its obligations under this Agreement in full.

3. The parties agree, consistent with and pursuant to the Consent Judgment re Relman contemplated in Paragraph 1 above, that the District Court will retain jurisdiction over the case against CRA/LA until the Relman firm files a satisfaction of judgment in the form attached here as Attachment D and final resolution of all statutory attorney's fees, expenses and costs issues.

4. The Relman Firm for themselves and for their shareholders, partners, members, heirs, successors, attorneys, agents, employees, officers, directors, and assigns, acknowledge that payment of the agreed settlement amount for the Relman Firm's claim for reasonable attorneys fees and costs set forth in Paragraph 1 fully and forever satisfies the former CRA and CRA/LA's obligation to pay reasonable attorney's fees, costs, and expenses to the Relman Firm, for work

5



performed by the Relman Firm, pursuant to the federal False Claims Act, 31 U.S.C. § 3730(d), in connection with the Civil Action, and hereby agree to fully and finally release the former CRA and CRA/LA from any and all causes of action, rights, or claims, whether known or unknown, from the beginning of time to the date of execution of this Agreement, arising out of the Civil Action for claims that the Relman Firm has asserted or could assert for attorney's fees, costs, and expenses for work performed by the Relman Firm in connection with the Civil Action, including the ongoing fee dispute in *Relman, Dane & Colfax PLLC v. Fair Housing Council of San Fernando Valley et al.*, Case No. 2:19-cv-08612-CAS(AFM). No further fees or costs are due or will be demanded from CRA/LA. The Relman Firm and FHC agree not to add CRA/LA or the Former CRA as a party into the Relman Action.

5.   Conditioned upon CRA/LA's full payment of the Consent Judgment re Relman, the Relman Firm, for itself and for its shareholders, partners, members, heirs, successors, attorneys, agents, employees, officers, directors, and assigns, releases the former CRA and CRA/LA, and their officers, directors, successors, attorneys, agents, employees, and assigns from any claim FHC may or does have on behalf of themselves or the United States for all issues, claims, rights, benefits, assigns or harms, including but not limited to the attorney's fees and other possible issues. The release set forth here covers claims that the Relman Firm knows about and may not know about through date of the execution of this Agreement. Therefore, the Relman Firm expressly waives and relinquishes any and all rights and benefits provided by Section 1542 of the California Civil Code ("Section 1542") against the former CRA and CRA/LA, and does so understanding and acknowledging the significance of this specific waiver. Section 1542 states as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."



Thus, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge as set forth above, the Relman Firm expressly acknowledges that this Agreement is intended to include all claims which it does not know or suspect to exist in its own favor at the time of the signing of this Agreement. The Relman Firm further acknowledges that it may later discover facts different from or in addition to those facts now known to it or believed by it to be true with respect to any or all of the matters covered by this Agreement, and it agrees that this Agreement nevertheless shall remain in full and complete force and effect.

6. Nothing in this Settlement Agreement affects or supplants the separate Settlement Agreement between the CRA/LA, the United States, FHC, Warren – Benson Law Group, Baird Holm LLP, Odion Okojie and David Iyalomhe, dated July 12, 2019 ("Separate Settlement Agreement"). Without affecting the terms of the Separate Settlement Agreement, and except as to those terms, conditioned upon CRA/LA's full payment of the Consent Judgment re Relman, FHC, for itself and for its heirs, successors, attorneys, agents, employees, officers, directors, and assigns, releases the former CRA and CRA/LA, and their officers, directors, successors, attorneys, agents, employees, and assigns releases from any claim FHC may or does have on behalf of themselves for all issues, claims, rights, benefits, assigns or harms, including but not limited to the attorney's fees and other possible issues. The release set forth here covers claims that FHC knows about and may not know about through date of the execution of this Agreement. Therefore, FHC expressly waives and relinquishes any and all rights and benefits provided by Section 1542 of the California Civil Code ("Section 1542") against the former CRA and CRA/LA, and does so understanding and acknowledging the significance of this specific waiver. Section 1542 states as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."



Thus, and except as to the Separate Settlement Agreement, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge as set forth above, Relator FHC expressly acknowledges that this Agreement is intended to include all claims which it does not know or suspect to exist in its own favor at the time of the signing of this Agreement. FHC further acknowledges that it may later discover facts different from or in addition to those facts now known to it or believed by it to be true with respect to any or all of the matters covered by this Agreement, and it agrees that this Agreement nevertheless shall remain in full and complete force and effect.

7. The Relman Firm, for itself and for its shareholders, partners, members, heirs, successors, attorneys, agents, employees, officers, directors, and assigns, releases the FHC, and its officers, directors, successors, attorneys, agents, employees, and assigns from any claim the Relman Firm may or does have for any claim to fees, expenses and costs from the FHC relating to the False Claims Act claims against, and the False Claims Act settlement recovery from, the CRA/LA. This release does not extend to claims the Relman Firm may or does have for any claim to fees, expenses, and costs from the FHC relating to the False Claims Act claims against the City of Los Angeles.

8. There are several releases set forth above that govern the claims or potential claims between the Parties to this Agreement. Without disturbing those releases, the Parties here agree that the releases in this Agreement do not address any claims that the Relman Firm or the FHC may have against the City of Los Angeles. Again, without disturbing those releases above, the Parties here agree that the releases in this Agreement do not address any claims that the Relman Firm or the FHC may have against the City of Los Angeles, and/or the Relman Firm may have against Relator Mei Ling.

9. The Agreement is entered by the United States District Court for the Central District of California, thus the Consent Judgment re Relman and this Settlement Agreement are enforceable obligations against CRA/LA as successor to the former CRA.



8

4838-9631-8125.2

10. Upon receipt of the payment described in Paragraph 1 above, the Relman Firm shall promptly sign and file in the Civil Action a Satisfaction of Judgment in a form substantially similar to the form set forth in Attachment D.

11. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

12. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Central District of California. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Agreement, and the attachments to this Agreement, constitute the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

14. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

15. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

16. This Agreement is binding on CRA/LA's successors, transferees, heirs, and assigns.

17. This Agreement is binding on the Relman Firm's successors, transferees, heirs, and assigns.

18. This Agreement is binding on FHC's successors, transferees, heirs, and assigns.

19. All parties consent to the disclosure of this Agreement, and information about this Agreement, to the Court in a public filing.



4838-9631-8125.2

9

20. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Scanned versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

CRA/LA - DEFENDANT

DATED: DEC 0 4 2019    BY: _____
Estevan Valenzuela
Chief Executive Officer

DATED: Dec 3, 2019   BY: _____
Pamela L. Johnston
Foley & Lardner LLP
Counsel for CRA/LA

RELMAN, DANE & COLFAX PLLC

DATED: 12/4/2019    BY: _____
Michael Allen
Partner

DATED: 12/4/2019    BY: _____
Benjamin J. Razi
Covington & Burling LLP
Counsel for Relman, Dane & Colfax PLLC

RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: _____    BY: _____
Sharon Kinlaw
Executive Director
Fair Housing Council of San Fernando Valley

4838-9631-8125.2

10

20.  This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Scanned versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

CRA/LA - DEFENDANT

DATED: _____ BY: _____
                                   Estevan Valenzuela
                                   Chief Executive Officer

DATED: _____ BY: _____
                                   Pamela L. Johnston
                                   Foley & Lardner LLP
                                   Counsel for CRA/LA

RELMAN, DANE & COLFAX PLLC

DATED: _____ BY: _____
                                   Michael Allen
                                   Partner

DATED: _____ BY: _____
                                   Benjamin J. Razi
                                   Covington & Burling LLP
                                   Counsel for Relman, Dane & Colfax PLLC

RELATOR THE FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY

DATED: December 3, 2019 BY: _____
                                   Sharon Kinlaw
                                   Executive Director
                                   Fair Housing Council of San Fernando Valley

10



4825-5388-0493.1

DATED: Dec. 3, 2019 BY: _Donald R. Wu_
Donald R. Warren
Warren – Benson Law Group
Counsel for Fair Housing Council of
San Fernando Valley

