JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA
ROSS M. CUFF, AUSA (SBN 275093)
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-7388 | Fax: (213) 894-7819
    Email: Ross.Cuff@usdoj.gov
JAMIE ANN YAVELBERG
SARA MCLEAN
WILLIAM C. EDGAR
ERIC SCHMELZER
Attorneys, Civil Division
United States Department of Justice
    175 N Street NE, Room 9.121
    Washington, DC 20002
    Tel: (202) 307-0256 | Fax: (202) 307-3852
    Email: Eric.Schmelzer@usdoj.gov

*Attorneys for Plaintiff United States of America*

*Additional counsel listed following caption*

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal corporation, and CRA/LA, a Designated Local Authority, a public entity,<br><br>    Defendants. | No. 2:11cv-00974-PSG-JC<br><br>STIPULATED PROTECTIVE ORDER<br><br>[CHANGE MADE TO ¶ 6.1]<br><br>Hon. Jacqueline Chooljian |

STIPULATED PROTECTIVE ORDER

Donald R. Warren (CA 138933)
Phillip E. Benson (CA 97420)
Warren - Benson Law Group
7825 Fay Ave., Ste. 200
La Jolla, CA 92037
Tel: 858-454-2877
Fax: 858-454-5878
donwarren@warrenbensonlaw.com
philbenson@warrenbensonlaw.com

David O. Iyalomhe
David Iyalomhe and Associates
880 West First Street Suite 313
Los Angeles, CA 90012
213-626-4100
Fax: 213-626-6900
Email: david@doialaw.com

Odion L. Okojie
Law Offices of Odion L Okojie
880 West First Street Suite 313
Los Angeles, CA 90012
213-626-4100
Fax: 213-626-6900
Email: okojielaw@aol.com

*Attorneys for Qui Tam Plaintiff Fair Housing Council of San Fernando Valley*

Michael N. Feuer (Bar No. 111529)
City Attorney
Noreen Vincent
Office of Los Angeles City Attorney
City Hall East, 200 N. Main Street
Los Angeles, California 90012-4130
Telephone: (213) 978-8100
Facsimile: (213) 978-8312
mike.feuer@lacity.org

HOGAN LOVELLS US LLP
Michael M. Maddigan (Bar No. 163450)
Ann C. Kim (Bar No. 212438)
Poopak Nourafchan (Bar No. 193379)
David W. Skaar (Bar No. 265377)

1
STIPULATED PROTECTIVE ORDER

Alyssa Saviss (Bar No. 318387)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com
poopak.nourafchan@hoganlovells.com
david.skaar@hoganlovells.com

*Attorneys for Defendant City of Los Angeles*

2

In accordance with the stipulation of Plaintiff the United States of America, Relator the Fair Housing Council of San Fernando Valley, and Defendant the City of Los Angeles, and their respective attorneys of record, the Magistrate Judge enters the parties' stipulated Protective Order as follows. This Protective Order applies to Relator Mei Ling and any counsel who may appear in this matter on her behalf, although, pursuant to the Court's Order of June 22, 2020 (Dkt. 352), her ability to participate in this matter is limited. Nothing about this stipulation or order changes those prior limitations set by the Court.

**1.   PURPOSES AND LIMITATIONS AND GOOD CAUSE STATEMENT**

1.1.   Purpose and Limitations.

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. To ensure confidentiality, the parties have submitted, and have petitioned the Magistrate Judge to enter, the Stipulated Protective Order governing confidential material. This Protective Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the Court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

1.2.   Good Cause Statement:

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information

3

STIPULATED PROTECTIVE ORDER

the parties are entitled to keep confidential, to ensure the parties are permitted reasonable and necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1   Action:

The instant action: *United States ex rel. Ling, et al. v. City of Los Angeles, et al.*, No. 2:11-cv-00974-PSG-JCx.

2.2   Challenging Party:

A Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3   "CONFIDENTIAL" Information or Items:

"CONFIDENTIAL" Information or Items means information or items (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith is confidential under applicable federal law. Confidential information or items generally include materials used by a Designating Party which are not generally subject to public disclosure and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Examples of information that may be designated as "CONFIDENTIAL" include information that is not in the public domain and contains employment information, personally identifiable information, personal health information, or any other information that may reasonably be characterized by a party as confidential or proprietary information

2.4   Counsel:

Outside Counsel of Record and In-House Counsel (as well as their support staff including contractors).

2.5   Designating Party:

A Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL.

2.6   Disclosure or Discovery Material:

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are voluntarily exchanged, made available, or produced by any Party or Non-Party in disclosures or responses to discovery, including subpoenas to non-parties, in this matter.

2.7   Document:

When used in this Protective Order, the term "document" means all writings, drawings, graphs, charts, blueprints, recordings, computer disks and tapes, electronically stored information, audiotapes, video tapes, and other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

2.8   Expert:

A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who has agreed to be bound to this order as discussed below.

2.9   In-House Counsel:

Attorneys who are employees of a party to this Action. In-House Counsel does not include Department of Justice attorneys (or Departmental support staff including contractors) even though they are employed by the United States, Outside Counsel of Record, or any other outside counsel.

2.10   Non-Party:

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:

Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, or in the case of the United States are employed by the Department of Justice, and have appeared in this Action on behalf of that party or the Department of Justice, or are affiliated with a law firm which has appeared on behalf of that party or the Department of Justice, and includes support staff (including contractors).

2.12   Party:

Any party to this Action, including all of elected officials, offices, departments, commissions, boards, officers, directors, agents, employees, representatives, independent contractors, advisors, consultants, affiliates, subsidiaries, predecessors in interests, successors in interest, and agencies,, retained experts, and In-House Counsel, and Outside Counsel of Record (and their support staffs including contractors).

2.13   Producing Party:

A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors:

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

2.16   Receiving Party:

A Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a public court hearing or at trial.

3.1   Exclusions:

Confidential Information shall not include any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Protective Order or any other confidentiality agreement or obligation)

3.2   Allegations in Pleadings:

Allegations in pleadings made prior to the entry of this Protective Order do not waive any party's ability to designate a Document, Disclosure, or Discovery Material as Protected Material.

3.3   Use of Protected Materials During Hearings or at Trial:

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Protective Order does not govern the use of Protected Material during a court hearing or at trial.

**4. DURATION**

Even after the termination of this litigation, whether by settlement, discontinuance, dismissal, severance, final judgment or other final disposition, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

7

including the time limits for filing any motions or applications for extension of time under applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection:

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

5.2      Inappropriate Designation:

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3      Withdrawal of Designations:

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4      Manner and Timing of Designations:

Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section 5.5(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated when the material is disclosed or produced.

///

///

///

5.5     Method of Designation:

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents including written responses to interrogatories and requests for production or admission, and exhibits used in any deposition, but excluding transcripts of depositions), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., where practical, by affixing the legend "CONFIDENTIAL" on each page that contains Protected Material).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by affixing the "CONFIDENTIAL" legend on each page that contains protected material). If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portions.

(b) for testimony given in deposition: Testimony at a deposition may be designated by any Party as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this

9

STIPULATED PROTECTIVE ORDER

Stipulated Protective Order and the reasons for the assertion. Additionally, all transcripts and all deposition videotapes or audio recordings of depositions will automatically be designated "CONFIDENTIAL" from the day of the deposition or proceeding until forty-five (45) calendar days after receipt of the final original transcript or of the deposition videotape or audio recording by the witness or the witness's attorney. During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony or deposition recording that qualify for protection under this Stipulated Protective Order. If such written designations are submitted, then the final transcript will be revised to reflect those designations, and those portions of the transcript or deposition recording will be subject to the terms of the Protective Order and may only be accessed and reviewed in accordance with the terms contained in the Protective Order. After the expiration of this period of automatic designation, unless an extension is agreed to in writing between the United States and Defendant, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed non-confidential, and the transcript will be revised to remove all confidentiality designations until such time as a party later designates in writing that the transcript or any portion of the transcript shall be treated as confidential.

(c) For information produced in some form other than documentary, and for any other tangible items: the Producing Party must affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material. If that material is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL" by cover letter identifying the Protected Material. The parties, if not the Producing Party, shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written

notice. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

5.6     Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges:

Any Party may object to a Designating Party's confidential designation at any time not inconsistent with the District Judge's Scheduling/Case Management Orders by giving written notice (including by email) to counsel for the Designating Party, identifying the Disclosure or Discovery Material, or portions thereof, to which the objection is directed, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced, and specifying in reasonable detail the reason or reasons for the objection. Within fifteen (15) court days of the receipt of such written notice, the parties shall meet and confer in a good faith effort to resolve the dispute as required by the Court's Scheduling Order. In conferring pursuant to the Court's Local Rules and/or Scheduling Order, the Designating Party must explain the basis for its belief that the confidentiality designation was proper. If the disagreement cannot be resolved, the Challenging Party may submit their objection to the Court or Magistrate Judge within fifteen (15) court days of the meet-and-confer. The Designating Party will have the burden of establishing the information is appropriately designated. The application for a protective order shall comply with the Court's Local Rules, and the Designating Party shall have the opportunity to respond to such application. While any such application is pending, the materials subject to the application will be treated as "CONFIDENTIAL" until the Court or Magistrate Judge

11
STIPULATED PROTECTIVE ORDER

otherwise rules. If the party challenging the Confidential Information designation does not submit their objection within fifteen (15) court days of the meet-and-confer, then the designation of the Disclosure or Discovery Material as "CONFIDENTIAL" will remain effective.

If the Court or Magistrate Judge rules that the Disclosure or Discovery Material should no longer be designated as "CONFIDENTIAL" or if the Designating Party at any time withdraws the designation (or if the Designating Party fails to apply for a protective order pursuant to the preceding Paragraph), the Designating Party shall promptly provide all other parties in the litigation with replacement documents, files, or information free from any markings or designations as "CONFIDENTIAL." The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the parties.

6.2    Meet and Confer:

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    Burden of Persuasion:

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles:

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed

only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items:

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees, agents, and support staff (including contractors) of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officials, officers, directors, employees (including In-House Counsel), agents, and staff (including contractors) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

(d) the Court or a court with appellate jurisdiction and their personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions or in connection with witness interviews, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably

13

STIPULATED PROTECTIVE ORDER

necessary provided: (1) the party disclosing the material to the witness requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Attachment A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Attachment A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Protective Order. If the witness refuses to sign the "Acknowledgment to Be Bound," they may nonetheless be shown the document and examined on its contents but will not receive a copy of the document with any materials sent to them for review, nor will the pages including the examination on the document be sent to them for review;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) those individuals and entities to whom disclosure is required by court order as discussed in Section 8 below, or as otherwise required by law;

(k) Agencies or Departments of the governments of the City of Los Angeles and the United States, the Congress of the United States and centralized record units as described in paragraph 7.3 below; or

(l) any other person mutually agreed upon the by Designating and Receiving Parties in writing or person designated by the Court or Magistrate Judge in the interest of justice upon such terms that the Court or Magistrate Judge may deem just and proper who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A).

7.3     Disclosure of "CONFIDENTIAL" Information to Federal Agencies and Departments:

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the

14
STIPULATED PROTECTIVE ORDER

United States, or any division of any such agency or department, confidential information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such confidential information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of any confidential information consistent with the terms of this Protective Order.

Further, nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the confidential information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States' response thereto.

Further, nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to maintain Confidential Information in a centralized records unit or to maintain archival materials in the United States Archives as discussed in Section 13 below. Any such records that contain or constitute Protected Material shall, however, remain subject to this Protective Order as set forth in Section 4.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the Outside Counsel becomes aware of a subpoena or a court order served on a Receiving Party and issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly and in no event more than ten (10) court days after becoming aware of the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action that is designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall, before producing:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party (the notice);

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within fifteen (15) court days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this Court within fifteen (15) court days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d), if in connection with the litigation, documents or information subject to a claim of attorney-client privilege, work product protection and/or any other privilege or protection from disclosure are inadvertently disclosed ("Disclosed Information") by the Producing Party, the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter, provided the Producing Party abides by the procedures set forth in this Order.

If the Producing Party discovers that it inadvertently produced privileged or otherwise protected material, it shall promptly notify the Receiving Party in writing of any claim of privilege or protection with respect to Disclosed Information upon discovering the inadvertent disclosure, but no later than ten (10) court days after discovering the production of the privileged or otherwise protected material. The notice shall contain information sufficient to: (1) identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced; (2) identify the privilege or protection alleged; and (3) explain the basis for the invocation of the privilege or protection. If the Receiving Party discovers the inadvertent disclosure, it agrees to immediately refrain from examining the material and promptly notify the Producing Party.

Promptly upon notification, and in no event no later than ten(10) court days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Disclosed Information identified in the notice, and shall certify in writing that it has done so. The obligation to return or destroy copies of the Disclosed Information identified in

the notice does not apply to such copies in disaster recovery systems maintained by the parties; however, if such disaster recovery systems are accessed or restored, then any copies of the Disclosed Information identified in the notice that are in those systems shall be returned or destroyed forthwith upon access or restoration and the Receiving Party shall certify in writing that it has done so. In returning and/or destroying any copies of the Disclosed Information identified in the notice, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Disclosed Information. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the Disclosed Information, the Receiving Party may file an appropriate motion to seek to compel production of such material.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief:

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections:

No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3   Filing Protected Material:

If any papers to be filed with the Court or Magistrate Judge contain or attach information and/or documents that have been designated as "CONFIDENTIAL," the filing Party and the Party who designated the materials at issue as "CONFIDENTIAL" shall first meet and confer regarding whether the need for filing under seal can be eliminated or minimized by means of redaction pursuant to Central District of California Local Rule 79-5. Where not reasonably possible, any Party wishing to file a document or paper containing "CONFIDENTIAL" material may request that material be filed under

seal by motion to Judge Gutierrez (with respect to non-discovery matters) or to Magistrate Judge Chooljian (with respect to discovery matters), consistent with Local Rule 79-5 of the of the United States District Court for the Central District of California, and shall seek to file under seal only those portions of documents containing "CONFIDENTIAL" material. A designation as "CONFIDENTIAL" by the parties under this Order alone is not a sufficient basis to seal the information submitted in connection with a request for relief from the Court. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within ninety (90) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety (90) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the United States is entitled to maintain archival material as needed for its official file and Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14.   REMEDIES FOR VIOLATION**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.   MISCELLANEOUS**

A.   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court or Magistrate Judge in the future.

B.   Admissions and Waivers. Neither the entry of this Stipulated Protective Order, nor the designation of any information or documents as "CONFIDENTIAL" or failure to make such a designation, nor any in camera disclosure of CONFIDENTIAL information, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information, provided the parties abide by the procedures set forth in this Order. Nothing in this Stipulated Protective Order shall be construed as waiving any objections of any Party as to the admissibility of a particular document into evidence. Moreover, nothing in this Stipulated Protective Order shall be construed to require any Party to disclose to any other Party any CONFIDENTIAL information, or to prohibit any Party from refusing to disclose CONFIDENTIAL information to any other Party. If at any time before trial of this action a Producing Party realizes that it should have designated as CONFIDENTIAL or any discovery materials previously produced, the producing party may designate the material by so appraising all prior recipients in writing. Thereafter, all persons subject to this Order shall treat such designated material as CONFIDENTIAL.

C.   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object

///

1  to disclosing or producing any information or item on any ground not addressed in this

2  Stipulated Protective Order.

3

4  Dated:    October 19, 2020              JEFFREY BOSSERT CLARK
                                          Acting Assistant Attorney General
5                                         NICOLA T. HANNA
                                          United States Attorney
6                                         DAVID K. BARRETT, AUSA
                                          Chief, Civil Fraud Section
7                                         LISA A. PALOMBO, AUSA

8

9                                         By: /s/ Ross M. Cuff
                                              ROSS M. CUFF
10                                            Assistant United States Attorney

11                                        JAMIE ANN YAVELBERG
                                          SARA MCLEAN
12                                        WILLIAM C. EDGAR
                                          ERIC SCHMELZER
13                                        Attorneys, Civil Division
                                          United States Department of Justice
14
                                          Attorneys for Plaintiff
15                                        UNITED STATES OF AMERICA

16  Dated:    October 19, 2020            WARREN - BENSON LAW GROUP

17

18                                        By: /s/ Donald R. Warren
                                              Donald R. Warren
19                                            Phillip E. Benson
                                              Attorneys for Qui Tam Plaintiff
20                                            FAIR HOUSING COUNCIL OF SAN
                                              FERNANDO VALLEY
21

22  Dated:    October 19, 2020            DAVID IYALOMHE AND ASSOCIATES

23

24                                        By: /s/ David O. Iyalomhe
                                              David O. Iyalomhe
25                                            Attorneys for Qui Tam Plaintiff
                                              FAIR HOUSING COUNCIL OF SAN
26                                            FERNANDO VALLEY

27

28
                                          22
                              STIPULATED PROTECTIVE ORDER

1    Dated:    October 19, 2020          LAW OFFICES OF ODION L OKOJIE

2

3                                        By: /s/ Odion L. Okoije
4                                            Odion L. Okojie
                                             Attorneys for Qui Tam Plaintiff
                                             FAIR HOUSING COUNCIL OF SAN
5                                            FERNANDO VALLEY

6    Dated:    October 19, 2020          OFFICE OF LOS ANGELES CITY
                                         ATTORNEY
7

8
                                         By: /s/ Michael N. Feuer
9                                            Michael N. Feuer
                                             James P. Clark
10                                           Attorneys for Defendant
                                             CITY OF LOS ANGELES
11
     Dated:    October 19, 2020          HOGAN LOVELLS US LLP
12

13

14                                       By: /s/ Michael M. Maddigan
                                             Michael M. Maddigan
15                                           Poopak Nourafchan
                                             David W. Skaar
16                                           Alyssa Saviss
                                             Attorneys for Defendant
17                                           CITY OF LOS ANGELES

18

19
           **IT IS SO ORDERED AS MODIFIED.**
20

21
     Dated:  October 20, 2020                    _____/s/_____
22

23                                       Honorable Jacqueline Chooljian
                                         UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

                                         23

ATTACHMENT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on October

20, 2020 in *United States ex rel. Ling, et al. v. City of Los Angeles, et al.*, No. 2:11-

cv-00974-PSG-JCx.  I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt of court. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

        I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ATTACHMENT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND