Mick G. Harrison, Attorney at Law,
Pennsylvania Bar No. 65002 (*pro hac vice*)
520 S. Walnut Street, #1147
Bloomington, IN 47402
Telephone: (812) 361-6220
Facsimile: (812) 233-3135
E-mail: mickharrisonesq@gmail.com

Bruce D. Leichty, SBN 132876
Bruce Leichty, A Professional Corporation
P.O. Box 890941
Temecula, CA 92589
Telephone: (760) 839-2200, Cell: (760) 484-2467
Facsimile: (951) 676-7462
E-mail: leichty@sbcglobal.net

Attorneys for Plaintiff-Relator Mei Ling

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MEI LING and FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF LOS ANGELES, a Municipal corporation, and CRA/LA, a Designated Local Authority, a public entity,<br><br>  Defendants. | No.: CV-11-00974-JFW-JC<br><br>PLAINTIFF-RELATOR MEI LING'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES, EXPENSES, AND COSTS<br><br>DATE:    APRIL 7, 2025<br>TIME:    1:30 p.m.<br>COURTROOM 7A<br>JUDGE:   Honorable John F. Walter<br>         United States District Judge |

**PLAINTIFF-RELATOR MEI LING'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND COSTS**

- 1 -

Pursuant to 31 U.S.C. § 3730(d)(1), Plaintiff Relator Mei Ling hereby respectfully submits her Memorandum of Points and Authorities in support of her motion for an award of attorneys' fees, expenses, and costs against Defendant City of Los Angeles in the above captioned matter.

## I. INTRODUCTION

Plaintiff-Relator Mei Ling is currently represented by lead counsel Mick Harrison and local counsel Bruce Leichty in the above captioned qui tam case. Ms. Ling's instant Motion is made pursuant to 31 U.S.C. § 3730(d)(1) of the federal False Claims Act (FCA). This FCA provision provides for a mandatory award of attorneys' fees, expenses, and costs to a plaintiff-relator under the circumstances of this case. *See*, 31 U.S.C. § 3730(d)(1).

Given that this qui tam case has settled, and the City has agreed to pay certain amounts to the United States in resolution of the United States' and the relators' claims, Dkt 501, Relator Ling is now entitled, pursuant to the plain language of the FCA, to a relator's share of the United States' settlement recovery. Consequently, pursuant to the plain language of 31 U.S.C. § 3730(d)(1), Ms. Ling and her counsel are entitled to an award of their reasonable attorneys' fees, expenses, and costs.

Relator Ling's Motion for Attorneys' Fees, Expenses, and Costs is limited to a request for an award of attorneys' fees, expenses, and costs for Plaintiff-Relator Mei Ling's current counsel. The details and amounts of fees and expenses requested by Ms. Ling's current counsel are specified herein and in the attached declarations.

## II. ARGUMENT

**A. Relator Mei Ling Is Entitled to an Award of Attorneys' Fees and Expenses**

The FCA provides:

> (d) Award to qui tam plaintiff.
>
> (1) If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. ... Any payment to a person under the first or

>second sentence of this paragraph shall be made from the proceeds.  Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.  All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(1).  The District Court in the instant case in its dismissal decision at footnote 2 recognized relators' entitlement to an attorneys' fees award.  Dkt. 508, District Court Oct. 3, 2024 Order, p.2, nt.2.

Under 31 U.S.C. § 3730(d)(1), a relator is entitled to reasonable expenses, including attorneys' fees and costs.  *See, e.g.*, *United States ex rel. Rafter H Constr., Ltd. Liab. Co. v. Big-D Constr. Corp.*, 350 F. Supp. 3d 938, 940 (D. Idaho 2018); *United States ex rel. Madsen v. St. Luke's Health Sys.*, No. 1:15-cv-00210-DCN, 2020 U.S. Dist. LEXIS 30442, at *5 (D. Idaho Feb. 21, 2020).  These fees and expenses are awarded against the defendant and are not deducted from the relator's share of the settlement proceeds. *United States ex rel. Rafter H Constr., LLC supra* at 940.  *Also see*, *Fed. Recovery Servs. v. United States*, 72 F.3d 447, 450 (5th Cir. 1995).

Given that the U.S. intervened in Ms. Ling's qui tam case and the matter has settled, pursuant to the plain language of the FCA, Ms. Ling is statutorily entitled to a relator's share.  As the FCA makes clear in plain language, and as confirmed by the above-cited FCA case decisions, Ms. Ling is therefore also entitled to an award of her reasonable attorneys' fees to be paid by Defendant City of Los Angeles.  Under these circumstances, there is no question that Plaintiff Ling is statutorily entitled to an award of attorneys' fees.  The issue, to now be resolved by way of this motion, is what amount of attorneys' fees is reasonable.

**B.      Ms. Ling's Requested Attorneys' Fees and Expenses Are Reasonable**

The question of the proper amount of fees to be awarded is decided using the "lodestar" method, which involves multiplying the number of attorney hours reasonably expended by the appropriate hourly rate, with consideration of several factors identified by the Supreme Court. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714,

717-19 (5th Cir. 1974); *United States ex rel. Doe v. Biotronik, Inc.*, No. 2:09-cv-3617-KJM-EFB, 2015 U.S. Dist. LEXIS 144447, at *24-26 (E.D. Cal. Oct. 22, 2015).

In regard to hourly rates, Plaintiff Ling's representation agreements with Attorneys Harrison and Leichty provide that should Plaintiff be entitled to an award of statutory fees under the FCA, that both attorneys are entitled to recover their respective fees at their market rates as determined by a court. Plaintiff Ling is requesting payment of her current attorneys' fees at the rates reflected in the 2024 Fitzpatrick Matrix (Exhibit 2 to Harrison Declaration) for complex civil litigation in Washington, D. C.

Evidence regarding reasonable rates must be of "prevailing market rates in the ***relevant* community**, which is typically the community in which the district court sits." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (emphasis added). In this case, however, Ms. Ling's lead counsel Attorney Harrison is out-of-state and there were two reasonable candidates for the most relevant community: Los Angeles and Washington, D. C. Ms. Ling's counsel chose Washington, D.C. – not to gain a windfall but to avoid one. A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys. *Blum v. Stenson*, 465 U.S. 886, 896-97 (1984).

A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Because most of Attorney Harrison's complex civil litigation cases have been litigated in D. C., Attorney Harrison could not reasonably argue that D. C. rates would not be sufficient to allow him to serve as Ms. Ling's new counsel. Counsel Harrison's declaration, the Fitzpatrick Matrix (formerly the Laffey Matrix) (Harrison Declaration Exhibit 2), and case law regarding the Fitzpatrick Matrix, support use of D. C. rates here.

> In 1983, then-Chief Judge Aubrey Robinson adopted an hourly rates scheme for complex, federal litigation under which an attorney's years of experience determined his reasonable hourly rate. *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-75 (D.D.C. 1983). In the ensuing

- 4 -

> twenty-five years, this scheme, the *Laffey* matrix, has achieved broad acceptance in this Circuit and has served as a guide in nearly every conceivable type of case. *See, e.g., Hansson v. Norton,* 366 U.S. App. D.C. 255, 411 F.3d 231, 236 (D.C. Cir. 2005) (employment discrimination); *Role Models Am., Inc. v. Brownlee,* 359 U.S. App. D.C. 237, 353 F.3d 962, 970 (D.C. Cir. 2004) (Administrative Procedures Act); *Covington,* 57 F.3d at 1110 (civil rights); *Judicial Watch, Inc. v. BLM,* No. 07-1570, 562 F. Supp. 2d 159, 2008 U.S. Dist. LEXIS 49069, at *40 (D.D.C. June 27, 2008) (Lamberth, J.) (Freedom of Information Act); *MacClarence v. Johnson,* 539 F. Supp. 2d 155, 160 (D.D.C. 2008) (Facciola, M.J.) (Clean Air Act).

<u>Miller v. Holzmann</u>, 575 F. Supp. 2d 2, 14 (D.D.C. 2008).

The law recognizes that use of out-of-forum counsel may be necessary and allows rates for attorneys from the outside forum even when that rate is *higher* than that in the forum, in appropriate circumstances. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (listing cases from other Circuits); *Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)*. The choice of D. C. as the relevant forum here in no way prejudices Defendant City because the prevailing rates in Los Angeles would be *higher* than in D.C. *See, e.g.*, *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1039 (C.D. Cal. 2012) (approving senior attorney rates of $825-850/hour thirteen years ago). *And see*, *Kamal v. Eden Creamery, LLC*, No. 18-CV-1298 TWR (MSB), 2024 U.S. Dist. LEXIS 156001, at *20-21 (S.D. Cal. Aug. 16, 2024) (citing to *Hope Med. Enters. Inc. v. Fagrgon Compounding Serv.*, LLC, No. 2:19-CV-07748-CAS (PLAx), 2022 U.S. Dist. LEXIS 49151, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) approving rates of $895 to $1,295 for litigation partners in Los Angeles). *Also see*, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (rejecting use of modified - *adjusted upward for cost of living in California* - Laffey Matrix rates *proposed by the State of California* in favor of *higher* San Francisco rates). *And see*, *Dowd v. City of L. A.*, 28 F. Supp. 3d 1019, 1052-1055 (C.D. Cal. 2014).

> In 2012, an attorney with thirty-eight years of experience received $825 per hour, and in 2010 an attorney with thirty-four years of experience received $930 per hour. (Id. at 18) (citing *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1035-39 (C.D. Cal. 2012)).

*Id.* (noting the testimony of experienced counsel regarding prevailing rates in the community).

In support of her request for use of D. C. rates, Ms. Ling offers the declarations of her lead counsel Harrison and local counsel Leichty, which include information on their professional experience and a prior recent fee award to Attorney Harrison, and the Department of Justice's Fitzpatrick Matrix (Harrison Declaration Exhibit 2) (formerly the Laffey Matrix). Federal courts and the DOJ have recognized the Fitzpatrick Matrix as an appropriate basis for determining market hourly rates in complex litigation in the Washington, D. C. area. *See. e.g.*, *Vollmann v. Dep't of Justice*, Civil Action No. 12-0939 (FYP), 2022 U.S. Dist. LEXIS 69302, at *17-21 (D.D.C. Apr. 14, 2022). *Also see*, *Bolden v. J & R Inc.*, 135 F. Supp. 2d 177, 179 (D.D.C. 2001) (applying the predecessor *Laffey* matrix in a Section 1981 case); *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000) (also applying the prior *Laffey* matrix and noting its frequent use).

The use of the Fitzpatrick Matrix here to set hourly rates for Ms. Ling's counsel is reasonable and appropriate. Plaintiff Ling's lead counsel Mick Harrison is a public interest attorney with 32 years of experience litigating whistleblower retaliation, false claims (qui tam), Freedom of Information Act (FOIA), environmental protection, and government oversight lawsuits nationwide. Attorney Harrison is a graduate, *summa cum laude*, of the District of Columbia School of Law. *See* Harrison Declaration, attached, at 2. Mr. Harrison was admitted to practice before the Supreme Court of Pennsylvania in July of 1992, Pennsylvania Bar No. 65002, and he remains an active member of that bar in good standing. *Id*.

Mr. Harrison began his legal career as staff attorney at the nonprofit Government Accountability Project (GAP) where he co-founded and served as Co-Director of GAP's EPA Watch program, an environmental whistleblower protection and citizen environmental enforcement program. *Id*. Mr. Harrison is admitted to practice before the U.S. District Court for the District of Columbia, the U.S. District

1 Court for the Southern District of Indiana, and the U.S. Courts of Appeals for the
2 District of Columbia, Federal, 3rd, 4th, 6th, 7th, 8th, 9th, 10th, and 11th Circuits. *Id*.
3    Mr. Harrison recently successfully litigated a FOIA case against the District of
4 Columbia under the D.C. FOIA in which he was awarded attorneys' fees at an hourly
5 rate of $799 based on the 2023 Fitzpatrick Matrix (*Vuyyuru v. District of Columbia*,
6 Civil Case No. 2022-CA-003627-B). *Id*.
7    Plaintiff Ling's local counsel Bruce Leichty has been admitted to the Bar of the
8 State of California since 1987. *See* Leichty Declaration, attached, at 2. He received
9 his J.D. from Boalt Hall (UC Berkeley) that same year. *Id*. He practiced as an
10 associate with firms in San Francisco and Fresno prior to establishing his own
11 practice in 1992 and his current law corporation in 2013, when he relocated to
12 southern California. *Id*. at 2-3. Mr. Leichty's practice for many years was in the
13 bankruptcy field, and he represented trustees in a number of large cases including In
14 Re Technical Equities, Northern District of California, and In re Rick Pierce, Eastern
15 District of California including litigation in Central District of California, with his
16 most recent such representation being in the Southern District in the case of In re
17 Patricia Walker and Douglas Woody (R. Stadtmueller, Trustee), 2015. *Id*. at 3.
18    Since establishing his own practice Mr. Leichty has represented a variety of
19 civil litigants, including the widow of a passenger of Flight 175 killed in the terrorist
20 attacks of 9/11, culminating in settlement of claims made by her representative in the
21 air disaster consolidated litigation filed in the Southern District of New York and in
22 the case of Estate of Louis Mariani in New Hampshire, where Attorney Leichty was
23 admitted pro hac vice. *Id*. Attorney Leichty represented the prevailing party in *Yith v.*
24 *Nielsen*, 881 F.3d 938 (9th Cir. 2018), a groundbreaking case concerning the
25 prerogatives of the Attorney General and federal bench regarding citizenship in
26 which a regulation propounded by DHS was found to be ultra vires. *Id*.
27    The reasonableness of the number of hours that Ms. Ling's current counsel
28 spent on the tasks involved in representing Ms. Ling in the latter stages of this qui

tam case is supported by the attached declarations of Attorney Harrison and Attorney Leichty and by the attached attorney time itemizations of both counsel. The fact that this case was near settlement when Ms. Ling managed to retain new counsel (Attorneys Harrison and Leichty), and that the terms of that settlement have not substantially changed (to date) as a result of Ms. Ling's new attorneys' efforts, does not mean that the time spent and tasks performed by Ms. Ling's new counsel were unreasonable.

In cases where the plaintiff's attorney's work is related to the claim on which they substantially prevailed, courts have generally awarded fees for all related work, even if the plaintiff did not prevail on every aspect of the case. This approach ensures that plaintiffs are not penalized for pursuing legitimate claims that are closely connected to their successful claims. *See, e.g.,*

> "Where a plaintiff has obtained excellent results," "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

*Caputo ex rel. United States v. Tungsten Heavy Powder, Inc.*, No. 22-55142, 2023 U.S. App. LEXIS 739, at *2-3 (9th Cir. Jan. 12, 2023). And see, *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940 (1983); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995). A district court should not reduce the lodestar merely because the prevailing party did not receive the type of relief that it requested. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992).

Ms. Ling here did obtain excellent results in regard to the ultimately City settling her qui tam claims with the United States. Moreover, she was the moving force behind this case without which this FCA litigation would never have happened. She was determined and dedicated in investigating and developing the key evidence supporting the false claims alleged in the instant case, notwithstanding her physical challenges (Ms. Ling is, as she would say, "differently abled"). *See* Dkt 489-1, Attachment I, Declaration of Mei Ling. Her presentation to her prior attorneys and

their presentation to the United States on her behalf of an evidentiary roadmap allowed for effective discovery and litigation by the United States which eventually led to the United States and the City entering into the 2019 Voluntary Compliance Agreement (VCA), and to the case Settlement. The 2019 VCA obtained for the United States, and for the public, what the City has described as an additional $750 Million to $1 Billion in value spent towards the creation of accessible housing, see Dkt 471, p. 8 of 31, as required by the VCA.

This $750 Million in value to the government via this VCA substantially compensates the United States for the damages it incurred and alleged in its False Claims Act Complaint here, even though to date the other parties disclaim Ms. Ling's entitlement to a relator's share of the value of this VCA (an issue currently on appeal). In short, the success achieved on behalf of the government and the public in this qui tam case as a result of Relator Ling's self-sacrificing efforts, above and beyond the call of duty, is huge.

Ms. Ling's attorneys here are entitled to recover all of their attorneys' fees to date given that all of the tasks performed by her counsel were related to her qui tam claims, which settled. See attached declarations and attorney time itemizations for both Attorney Harrison and Attorney Leichty. Ms. Ling's efforts to improve the proposed Settlement via her filed objections and memorandum in response, and her motion for evidentiary hearing, as prepared and presented by her current counsel, were well intended and had a good faith basis in fact and law. *See* Dkt 489, Dkt 495. Ms. Ling argued, *inter alia*, in her settlement objections:

> Ms. Ling so requests because, absent inclusion of the 2019 VCA value as additional proceeds (approximate $200 Million in value) and absent the 2019 VCA being deemed an alternate remedy, the otherwise unexplained dramatic drop in settlement value to $38.2 Million from the more than $500 Million in damages asserted by the United States on its claims (see Attachment A), and the major drop from the $100 Million or more previously offered by Defendant City of Los Angeles to the United States in mid-late 2016, precludes a finding that this proposed settlement is fair, adequate, or reasonable.

\*   \*   \*

> Given that Relator Mei Ling herself heard the DOJ reference a settlement offer from the City of $100 Million or more, and she was given emails by her counsel and the co-relator referencing one or more settlement offers of $100 Million or more having been made by the City in 2016 (but rejected), and given that the relevant and material specific facts, of how and why the settlement value came to drop to $38.2 Million following these larger offers, remain under the control of the Settling Parties and have not been disclosed, allowing limited discovery to Relator Ling, now represented by counsel, would assist the Court in determining the fairness issue.

Response and Objections to Proposed Settlement, Doc. 489, at pp. 5, 28.

Ms. Ling was seeking, through her objections and request for an evidentiary hearing, to ensure that the settlement was not the result of collusion and was fair and reasonable. In order for a court to approve a FCA case settlement notwithstanding a relator's objections, the court must determine, after a hearing, that the settlement is fair, adequate and reasonable under all the circumstances. 31 U.S.C. § 3730(c)(2)(B); *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000); *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 746 (9th Cir. 1993). Ms. Ling's concerns included that there remained unanswered questions about why the proposed settlement did not require the City to pay the United States at least the $100 Million previously offered in December 2016. Ms. Ling continues her efforts to improve the recovery for the U.S. and taxpayers, and to serve the public interest, via her appeal.

Ms. Ling's counsel have included a few hours for their work on their fees motion/negotiation. In *United States ex rel. McKinney v. DHS Techs., LLC*, the court recognized that fees and costs associated with the litigation of an attorneys' fee petition in an FCA lawsuit are compensable in their entirety. *United States ex rel. McKinney v. DHS Techs., LLC, No. 3:11-CV-146, 2015 U.S. Dist. LEXIS 181128, at *29-30 (M.D. Pa. Oct. 27, 2015)*.

As reflected in and supported by the attached declaration and time accounting of Attorney Harrison, Attorney Harrison is requesting compensation for 137.4 hours at the rate of $858/hour based on the Fitzpatrick Matrix (Exhibit 1) for year 2024 for an attorney with 32 years of experience (his bar passage date was July 1992) for a


total fee request for his services representing Ms. Ling of $117,889.20.  As reflected in and supported by the attached declaration and time accounting of Attorney Leichty, Attorney Leichty is requesting compensation for 59.3 hours at the rate of $864/hour based on the Fitzpatrick Matrix for year 2024 for an attorney with 37 years of experience, for a total fee request for his services as local counsel of $51,235.20.

## CONCLUSION AND RELIEF REQUESTED

For all of the reasons stated herein, Plaintiff-Relator Mei Ling respectfully requests that this Court grant her motion for an award of her reasonable attorneys' fees, expenses, and costs and award to her, for her current counsel, the undersigned attorneys Harrison and Leichty, the amount of their attorneys' fees and expenses and costs detailed *infra* in this Memorandum and in the declarations of counsel and exhibits hereto.

DATED: March 6, 2025

Respectfully submitted,

/s/ Mick G. Harrison
MICK G. HARRISON
Attorney for Plaintiff-Relator Mei Ling

Mick G. Harrison, Attorney at Law,
Pennsylvania Bar No. 65002 (*pro hac vice*)
520 S. Walnut Street, #1147
Bloomington, IN 47402
Telephone: (812) 361-6220
Facsimile: (812) 233-3135
E-mail: mickharrisonesq@gmail.com

/s/ Bruce D. Leichty
BRUCE D. LEICHTY
Attorney for Plaintiff-Relator Mei Ling

Bruce D. Leichty, SBN 132876
Bruce Leichty, A Professional Corporation
P.O. Box 890941
Temecula, CA 92589
Telephone: (760) 839-2200,
Cell: (760) 484-2467
Facsimile: (951) 676-7462
E-mail: leichty@sbcglobal.net

**CERTIFICATE OF COUNSEL REGARDING PAGE/WORD LIMITATION**

The undersigned, counsel of record for Plaintiff-Relator Mei Ling, certifies that this brief contains 3,822 words, including the accompanying motion and certificate, which complies with the word limit of L.R. 11-6.1.

Dated: March 6, 2025

/s/ Mick G. Harrison
MICK G. HARRISON
Attorney for Plaintiff-Relator Mei Ling